WILLIAM ARND, Administrator of the Estate of A. W. Way, deceased, Appellant, v. CHARLOTTE AYLESWORTH, Appellee.

**Failure of consideration:** INSTRUCTION. In submitting an issue of
1  failure of consideration for a note given in part payment of the purchase price of land, where the only evidence introduced tends to show but a partial failure of consideration, it is error to charge that the plaintiff must recover all or nothing.

**Evidence:** VALUE: BOUNDARIES. A party should not be permitted
2  to testify to the value of land who has not first established a qualification to speak on the subject; nor to its boundaries without showing a knowledge of the subject.

**Notes:** INNOCENT PURCHASER: SUBMISSION OF ISSUE. Where the
3  testimony shows without dispute that the purchaser of a note had no knowledge of any·defects in the instrument that question should not be submitted to the jury.

**New trial.** A new trial will not be granted on the ground of newly
4  discovered evidence, where it was known at the time of the

trial that the same was material and no effort was made to procure it.

*Appeal from Pottawattamie District Court.*— Hon. N. W. Macy, Judge.

Tuesday, April 9, 1907.

Rehearing denied, Tuesday, November 19, 1907.

Action at law upon a promissory note. Defense, fraud and failure of consideration. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals. After judgment plaintiff filed a petition for a new trial, based upon newly discovered evidence. This petition was also denied, and from the ruling thereon plaintiff also appeals.— *Reversed.*

*Mayne & Hazelton,* for appellant.

*Flickinger Brothers,* for appellee.

Deemer, J.— The note upon which the action was brought is for $1,175, and is one of four of a series made by defendant to Baxter & Recroft on or about January 6, 1903. It was indorsed by Baxter & Recroft without recourse to C. M. Thompson, and by Thompson indorsed in blank. It is claimed that Earnest E. Hart purchased the same from Thompson in April of the year 1903, and that he (Hart) sold and assigned the same to A. W. Way on or about April 5, 1903, for full value. Defendant claims that the note was obtained through fraud perpetrated upon her in the sale of certain lands in Nebraska by Baxter & Recroft; that in addition to the notes she gave them $2,300 in cash as and for the purchase price of the lands; that the lands were sand hills, rough, unfit for grass or cultivation, and were of no value whatever; and that the consideration for the notes has wholly failed.

There was testimony to take the case to a jury upon
**1. FAILURE OF CONSIDERATION: instruction.** the issue of fraud in the sale of the lands, and the trial court, in one of its instructions, said:

If you find from testimony that the defendant has shown that the payee on said note, Baxter & Recroft, or either of them, falsely and fraudulently represented to the defendant the location and character of a certain 480-acre tract of land in Rock county Neb., and pointed out to her the boundaries thereof, and showed to her the character and quality of the same as being the land they were offering to sell to her as owned by said firm; and if you further find that the defendant believed and relied upon the statements and representations so made as to the location, character, and value of said tract of land, and was thereby induced to purchase the same and execute the note in suit with others as part payment thereof, and make a cash payment thereon of $2,300; and if you further find that the land in question was not in fact located as represented and pointed out, but was located elsewhere and of but little, if any, value — then such representation and conduct on the part of said Baxter & Recroft would constitute and be a fraud upon the defendant, and the consideration of said note would thereby fail as between the said Baxter & Recroft and the defendant, and the said payee could not enforce the validity of said note as against the defendant.

Defendant gave in cash and notes $7,000 for the land, and a jury was authorized to find that it was not worth to exceed $3,840. But, as defendant did not rescind the sale, and so far as shown yet retains the land, it was a question for the jury to determine whether there was a partial or total failure of consideration. The damages which defendant suffered by reason of fraud was not submitted to the jury. The reason for this undoubtedly was that no such issue was tendered by the pleadings. Defendant relied upon entire failure of consideration for the notes. There was no testimony that the land was worthless. Indeed, some of the witnesses said it was worth about $4,000. If there was

but a partial failure of consideration, the jury should, in any event, have allowed plaintiff the difference between the cash payment and the true value of the property. It was for the jury to say what the property was worth, and to determine whether or not there was a partial failure of consideration. Throughout the entire instructions, the thought is presented that plaintiff must recover all, or nothing. Even if plaintiff was not a good-faith holder of the note in the usual course of business, she, as assignee thereof, might recover whatever her assignors would have been entitled to had they sued upon the note. There was no testimony that the land was of no value, or that it was of but little value, and, in assuming that there was such testimony, the trial court was in error. Defendant's counsel attempts to show in argument that no prejudice resulted, for the reason that she has paid more than the land was worth; but the testimony upon this point was conflicting, and the issue was for the jury as a question of fact. See, as sustaining our conclusions, Daniel, Negotiable Instruments (5th Ed.), section 203, and cases cited, and Code, section 3070, and annotations. Damages for the alleged fraud were neither pleaded nor proved. Hence we have no occasion to consider the case from that standpoint.

II. The trial court was also in error in allowing witnesses to testify to the value of the land who did not show themselves competent to speak on this point. *King v. Railroad,* 34 Iowa, 458. Defendant was also per-

2. EVIDENCE: value: boundaries.

mitted, over plaintiff's objections, to testify as to the true boundaries of the land purchased by her, without any proper showing that she knew where they in fact are. Eliott on Evidence, sections 314–316.

III. The testimony showed without dispute that plaintiff's intestate had no knowledge whatever of any defects or infirmities in the note. Yet the trial court submitted that issue to the jury. The most that can be claimed is that she purchased through an agent, Hart, who, it is claimed,

had knowledge thereof.  As to Hart, he either purchased
the note as plaintiff's agent from Thompson, in which event his knowledge would be attributed to plaintiff's intestate, or as her agent he purchased the same from himself as a loan broker, in which event his knowledge would not be attributable to her, for the reason that it would be to his interest to conceal the facts, and no presumption arises that he would convey his knowledge to the indorsee or purchaser.  If either Hart or plaintiff's intestate was an innocent purchaser of the note before maturity, there may be a recovery.

3. NOTES: innocent purchaser: submission of issue.

Moreover, the evidence shows without dispute that, when it is claimed Hart and Mrs. Way purchased the note, defendant " was perfectly satisfied with the transaction, and had no intimation that everything was not all right."  The testimony shows that Thompson offered defendant a large discount, if she would take up the note at a time when she supposed the deal was all right, and, as she refused, he sold the note either to Hart or to plaintiff's intestate.  There is nothing in the testimony tending to show that Mrs. Way had notice or knowledge of any infirmity in the note.  There was some testimony to the effect that she did not buy the note from Hart as claimed, and this issue was properly presented to the jury; but, as there were no special findings, we cannot say that the jury found for defendant on this issue, and nothing appears to cure the error in the instructions.  The petition for a new trial was correctly overruled.  No diligence was shown in procuring the testimony before the trial, and it was known, or should have been, that this witness was a material one.  The trial court was in error in the respects mentioned, and the judgment must be, and it is, *reversed.*

4. NEW TRIAL.