## COLTHURST v. LAKE VIEW STATE BANK OF CHICAGO, ILL.

Circuit Court of Appeals, Eighth Circuit.
April 14, 1927.

No. 7466.

1. **Evidence ⟨key⟩317(4)—Letters of prior indorsee, demanding payment after maturity, held properly excluded as hearsay, in suit by alleged holder in due course.**

In suit on note by alleged holder in due course, letters written by prior indorsee, after maturity, demanding payment from maker, *held* properly excluded as hearsay.

2. **Bills and notes ⟨key⟩537(6)—Verdict should not be directed in suit on note, if evidence warrants inference that alleged due course holder has knowledge of defenses.**

Even though there was no direct testimony in suit by alleged holder in due course tending to show that such holder had knowledge of defenses existing against note when it obtained possession thereof, if there were facts and circumstances in evidence from which such a conclusion could reasonably be inferred a verdict should not be directed.

3. **Trial ⟨key⟩140(1)—Court need not submit case solely on matter of credibility, in absence of any disproof of prima facie case.**

In absence of any disproof of prima facie case made in action on note by alleged holder in due course, it is not duty of the court to submit case to jury solely on matter of credibility of witnesses.

In Error to the District Court of the United States for the Southern District of Iowa; Joseph W. Woodrough, Judge.

Suit by the Lake View State Bank of Chicago, Ill., against I. L. Colthurst. Judgment for plaintiff, and defendant appeals. Affirmed.

Edmund D. Morrison, of Washington, Iowa (Frank A. Cooper, of Davenport, Iowa, on the brief), for plaintiff in error.

S. W. Livingston, of Washington, Iowa (E. C. Eicher, of Washington, Iowa, on the brief), for defendant in error.

Before KENYON, Circuit Judge, and MOLYNEAUX and OTIS, District Judges.

OTIS, District Judge. April 19, 1924, the Lake View State Bank of Chicago, an Illinois corporation, herein referred to as the plaintiff, filed in the District Court for the Southern District of Iowa its petition, thereafter amended, in which, as amended, it alleged it was the holder in due course, for value, and without notice of any defense thereto, of a note in the principal amount of $3,200, with interest at 6 per cent., dated December 16, 1918, due in one year, and signed by the plaintiff in error, herein referred to as the defendant. The answer charged procurement of the note by fraud and denied that the bank held it in due course.

Upon the trial, having heard the testimony offered by the plaintiff to the effect that it had purchased the note February 20, 1919, for $3,234.67 (being the principal plus the interest then due) from the then holder, one W. F. Van Buskirk, to whom the note had been indorsed by a prior indorsee, and that it had no knowledge of any defenses existing in favor of the maker of the note, the District Court directed the defendant to put on his evidence in this order: First, any evidence he had tending to show that the bank was not a holder in due course and without notice; and, second, after such evidence (but not otherwise) any evidence he had tending to show that the note in the first instance was obtained by fraud.

Upon the first of these issues the defendant offered two exhibits, letters written by Van Buskirk, one dated February 4, 1920, and the other February 25, 1920, addressed to the defendant, received by him through the mails, and demanding payment to him, Van Buskirk, of the amount due on the note. These letters were written after the maturity of the note, and were offered on the theory that they tended to show that Van Buskirk and not the bank was the owner of the note when the letters were written, and that the bank did not obtain the note before maturity, and therefore not in due course. These letters the court excluded.

The District Court directed a verdict for the plaintiff. It is contended that the court erred therein, first, because the Van Buskirk letters showed that the bank did not receive the note before maturity and therefore was not a holder in due course; second, because, even if the Van Buskirk letters properly were excluded, facts and circumstances in evidence tended to show the bank was not a holder in due course; and, third, because, in any event, it was for the jury to pass upon the credibility of the witnesses for the plaintiff.

[1] 1. The Van Buskirk letters were properly excluded as hearsay. It would have been relevant and material to prove that Van Buskirk and not the bank was the holder of the notes at and after their maturity, but that fact could no more be proved by testimony as to what Van Buskirk wrote than by testimony as to what he said. He was not a party to the suit and there was nothing to show that the bank had anything to do

with the writing of the letters or any knowledge of them.

[2] 2. It is true, of course, that even if there were no direct testimony tending to show that the bank had knowledge of defenses existing against the note when it obtained possession of it, if in the evidence there were facts and circumstances from which such a conclusion reasonably could be inferred then a verdict should not have been directed. In our view, however, there were not in evidence any facts or circumstances which, whether considered separately or together, furnish any basis for such an inference.

[3] 3. The contention of defendant that even in the absence of any disproof of the prima facie case made by the plaintiff it was still the duty of the court to submit the case to the jury solely upon the matter of credibility is not tenable. Even if on that question the decisions of the Iowa Supreme Court were controlling, and it is on them the defendant bases his arugment, they do not support the contention. Earlier decisions by that court apparently did. Arnd v. Aylesworth, 136 Iowa, 297, 111 N. W. 407; Connelly v. Greenfield, 192 Iowa, 876, 185 N. W. 887. But not so its later pronouncements.

In First National Bank of Montour v. Brown, 197 Iowa, 1378, 199 N. W. 273, the Supreme Court of Iowa said:

"To sustain the proposition advanced by the appellant in the instant case, we would be compelled to say that the defendant has an inherent right to have a jury pass upon his claim, or that the credibility of an uncontradicted and unimpeached witness in *all* cases presents a jury question. We cannot make such a pronouncement."

Again in First National Bank v. Dutton, 199 Iowa, 468, 202 N. W. 228, the same court said:

"We have intimated, if not decided, in some of our cases, such as Connelly v. Greenfield Sav. Bank, 192 Iowa, 876, 185 N. W. 887, and Arnd v. Aylesworth, 136 Iowa, 297, 111 N. W. 407, and kindred cases, that although the officers specifically denied notice, yet at least its credibility is for the jury, hence making a jury question. If these pronouncements were followed to the conclusion contended for by appellant, then, in every case, where prima facie case of fraud is made by defendant, thereby casting the burden on the plaintiff to show that it was an innocent purchaser, it would have to go to the jury on the question of the credibility of witnesses tendered to establish that plaintiff was an innocent purchaser. We refuse to acquiesce in any such construction of that line of cases."

Our conclusion is that the action of the court below in directing a verdict for the plaintiff was right. Accordingly the judgment is affirmed.