Schramm & Schmieg Company, Appellant, v. Ward Shope, Appellee.

**SALES: Bulk Sales Act—Waiver of Illegality in Sale.** A creditor knowing that his debtor's stock of merchandise has been sold in bulk without notice to him, as required by the Bulk Sales Act, irrevocably waives all illegality in the sale by accepting, three months later, the debtor's note in full of his account—a note which enlarged the previous obligation of the debtor on the account.

**PLEADING: Matters Specially Pleadable—"Waiver" or "Acquiescence"—Sufficiency.** "Waiver" or "acquiescence" is properly pleaded by setting forth the *facts* showing such waiver or acquiescence, even though the pleader inaccurately designates his plea as an "estoppel." (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*, 42 *et seq.*)

**PLEADING: Construction—Supporting Judgment.** The court will, if fairly possible, so construe a pleading as to support the judgment of the trial court. (See Book of Anno., Vol. 1, Sec. 11111, Anno. 9 *et seq.*)

Headnote 1: 27 C. J. p. 878. Headnote 2: 31 Cyc. p. 46. Headnote 3: 4 C. J. p. 785.

*Appeal from Poweshiek District Court.*—D. W. Hamilton, Judge.

October 20, 1925.

This is an action by a creditor, asking for the appointment of a receiver under the provisions of the Bulk Sales Act, the defendant being the purchaser of a stock of goods in bulk from the debtor of the plaintiff. The defendant answered, in substance, that the plaintiff was estopped by his previous acquiescence in the sale, immediately following the same. The trial court sustained the defense and dismissed the petition. The plaintiff has appealed.—*Affirmed.*

*Don E. Neiman* and *J. W. Carr*, for appellant.

*M. W. Hyland* and *Clyde McFarlin*, for appellee.

EVANS, J.—On and prior to January 1, 1924, the plaintiff was the creditor of J. F. Shope, who was then engaged in the mercantile business at Sheridan, Iowa. On that date Shope sold

1. SALES: Bulk Sales Act: waiver of illegality in sale.

his stock of goods in bulk to the defendant, Ward Shope, without complying with the formalities of the Bulk Sales Act. The plaintiff, as a creditor, was therefore entitled to treat the sale as void, and to proceed accordingly, unless he had in some manner estopped himself by waiver or acquiescence. The facts relied on by the defendant are that, though the plaintiff had received no advance notice of the proposed sale, it did receive notice thereof immediately following the sale, and within a few days thereof; that it made no objection or protest thereto; that afterwards, on April 22d, it delivered to J. F. Shope a formal receipt in satisfaction of its account, and accepted from him his promissory note for the amount, whereby Shope promised to pay interest at 8 per cent and to pay attorneys' fees; that, on July 21st, he reduced said note to judgment; that, on October 29th, he filed his petition herein.

Under the statute, the plaintiff was entitled to seven days' notice of the proposed sale before it should go into effect. The defendant having failed to give such notice, the sale was "void" as to it. We have construed the word "void" here used in the statute as the equivalent of "voidable." *Pratt Paper Co. v. Eiffler*, 196 Iowa 199. There is no claim of actual fraud on the part of either seller or buyer. The action was predicated solely upon the failure of the defendant to comply with the requirements of the statute. The claim is that this failure created a status of disability, as between seller and purchaser, which held the contract in suspense, and which extended its advantageous hand to the plaintiff for an indefinite period of time. The contract being "voidable" only as against creditors, it necessarily offered to the creditor a right of election to declare the contract "void" or to let it stand. In the absence of election by some creditor to declare it "void," the contract was valid and binding, as between the parties thereto.

If the plaintiff had been present when the contract was

made, and had acquiesced therein, it would hardly be claimed that it could thereafter assail it for want of statutory formality. Would an acquiescence a few days later, if proved, be any less effective against it? The contract being "voidable" only, and the creditor having a right of election only, he must necessarily elect either by conduct or speech. The purchaser is not an outlaw. Having failed to comply with the statute in advance, he must take the consequences. But if thereafter he brings notice to the creditor, he is entitled to know the creditor's attitude within a reasonable time. When the creditor's attitude is declared, or fairly indicated, we see no reason for denying the purchaser the right to rely upon it, or for saying that the creditor is not bound by it. In this case, on April 21, 1924, which was more than three months after the creditor had received notice of the sale, it not only accepted the note of J. F. Shope for its account, but it executed and delivered to him a formal receipt of payment of the account. The note enlarged the liability of the debtor by an increased rate of interest, and by an obligation to pay attorneys' fees, and was drawn payable in a county other than the residence of the maker, where judgment was later rendered thereon. We think these facts fairly indicated an acquiescence on the part of the creditor, and an election not to declare the sale "void." If notice had been given in advance of the sale, as required by the Bulk Sales Act, the creditor would have been required to make known his objection, if any, within seven days. A court of equity may well draw some analogy from the statute itself in considering how long a creditor may hold his right of election in suspense after he has received notice of the sale, though such notice be subsequent rather than precedent.

Upon this record, we find as a fact from the conduct of the plaintiff that it elected to acquiesce in the sale. It thereby necessarily waived irrevocably its statutory right.

The argument of the appellant is directed largely to a question of pleading. The defendant in its answer did not in terms plead an acquiescence or waiver. But it did plead the facts

2. PLEADING: matters specially pleadable: "waiver" or "acquiescence:" sufficiency.

which we have herein set forth, and pleaded further that the plaintiff was *estopped* thereby from now declaring the sale "void." The argument for the appellant at this point is that, in

order to show an estoppel, it was incumbent upon the defendant to show that he was in some manner misled to his injury by the conduct of the plaintiff.  This is a substantially correct conception of an estoppel *in pais*.  But the word "estopped" has a quite common use as descriptive of something less and other than an estoppel *in pais*.  The facts actually pleaded tended to show acquiescence and waiver.  To say that one is estopped from claiming something which he has once waived or acquiesced in is somewhat circuitous in form, and objectionable for that reason; but it is not fatal to the pleader.  Granted that the use of the word "estopped" in defendant's pleading was somewhat inaccurate, its intended meaning, as used, was obvious in its context.  It is our duty to construe the pleadings in this court to the support of the judgment of the court below.  So construing this pleading, we hold the facts pleaded to be a sufficient showing of an election to acquiesce and to waive.  Such election, once made, being irrevocable, the plaintiff is necessarily estopped thereby.

3. PLEADING: construction: supporting judgment.

The judgment below is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.