LIETCHFIELD MANUFACTURING COMPANY, Appellee, v. FREBERT HEINICKE et al., Appellants.

SALES: Bulk Sales Act—Violation—Election by Creditor. In case of a sale in disregard of the Bulk Sales Act (Ch. 436, Code of 1924), a creditor waives his right to hold the bona-fide vendee for value as a receiver by failing to assert *such right* with due diligence.

Headnote 1:   27 C. J. p. 891.

*Appeal from Howard District Court.*—H. E. TAYLOR, Judge.

NOVEMBER 17, 1925.

THE opinion states the case.—*Reversed.*

*W. L. Barker, J. A. Cutting,* and *William S. Hart,* for appellants.

*McCook & Lyons,* for appellee.

MORLING, J.—The defendant Heinicke was a farm implement merchant at Cresco. About May 1, 1920, he gave to appellee (plaintiff) a written order for 12 spreaders, to be shipped later. The order contained the following provision:

"Please ship specified goods to Frebert Heinicke for which

undersigned agrees to pay at the prices and according to enumerated terms and conditions.''

It also contained provisions which are conceded to have made the contract one of conditional sale, and by which the appellee retained the title ''except as against retail sales'' until full payment should be made in cash. The total price of the spreaders was $2,040. Heinicke was given credit for $41 freight paid and remittances aggregating $375. He disposed, evidently at retail, of two of the spreaders. On October 26, 1921, he sold to appellant L. J. Owens his entire stock of implements, including the ten remaining spreaders. The provisions of the Bulk Sales Law were ignored in the making of this sale. On February 3, 1922, the appellant Owens sold this same stock of implements, including the ten spreaders, to the appellant Thomas Frankson. The Bulk Sales Law was disregarded also in making this sale. Later, Frankson found in the recorder's office the record of the conditional sale contract. Neither of the appellants had any previous actual knowledge of it. On March 24, 1922, appellee wired Frankson:

''Understand you purchased Lietchfield spreaders from Owens, Cresco, Iowa, which we hold under mortgage. Our claim nearly $1,700. Please explain.''

Frankson the next day by letter acknowledged receipt of the telegram, saying that he had purchased the stock of Owens and had bill of sale, including the spreaders; that he had moved all the goods, except the spreaders, and it was up to Owens to satisfy the mortgage and release the spreaders.

When Frankson purchased the stock, he asked Owens about the title, and was shown the bill of sale from Heinicke to Owens. Frankson says:

''Did not know that plaintiff made any claim at that time; paid value for the property received, including the ten spreaders; * * * had no knowledge of Exhibit 3 or anything it contained at the time of purchase from Owens.''

There is no further evidence as to what money was paid, and none as to when it was paid, and none that Frankson did not know that Heinicke was indebted when he made the sale to Owens, of which Frankson was informed.

By this suit the appellee seeks to recover of Heinicke the

balance of the purchase price of the spreaders, $1,665, and to foreclose the conditional sale contract as a mortgage, and to recover against Owens and Frankson as receivers under the Bulk Sales Law.

The record is silent in respect to the number or amount of the debts of Heinicke, or the value of the stock, or plaintiff's knowledge or date of acquiring knowledge, if any, of the bulk sale, or as to any exercise by plaintiff of his right to void the sale. The petition was filed April 11, 1922. The contract with Heinicke calls for a note due March 1, 1921, and a new note due November 1, 1921. The judgment is against Heinicke for $1,665 and interest, and "that Owens and Frankson are receivers under the Bulk Sales Law and accountable to plaintiff for the value of stock originally purchased from Heinicke up to amount of plaintiff's claim and cost."

Heinicke, and not Owens, was plaintiff's debtor. The bulk sale of which plaintiff could complain was that from plaintiff's debtor, and it occurred on October 26, 1921. After the lapse of more than three months without any action by plaintiff, Owens sold the stock to Frankson. Neither Owens nor Frankson knew of the plaintiff's claim. During this time, according to the contract, the claim was due, and in the ordinary course of business the plaintiff would have been looking after it, and would have known of the sale to Owens. Plaintiff, not later than March 24, 1922, did know of the sale to Owens and by Owens, as appears from the telegram of that date. Plaintiff, with that knowledge, evidently was not then electing to exercise its right to void the bulk sale, for plaintiff was then claiming only its rights under mortgage. If plaintiff with due diligence had exercised its right to void the sale to Owens, and if Frankson were not a bona-fide purchaser for value, the circumstances might be such that plaintiff could pursue the property into the hands of Frankson, —not because of the bulk sale to Frankson, but because Frankson's title from Owens was not good as against plaintiff. The Owens title was only voidable,—not void. *Carnall v. Kramer,* 194 Iowa 359; *Pratt Paper Co. v. Eiffler,* 196 Iowa 199; *Schramm & Schmieg Co. v. Shope,* 200 Iowa 760. The plaintiff had a right of election, which it was required to exercise within a reasonable time. *Schramm & Schmieg Co. v. Shope,* supra. The

question may be not "as to what information respecting their rights parties do actually obtain, but as to what information they might have obtained, had they used the means and opportunities directly at their command. Others, acting in good faith, also have rights; the world must move; and it is the interest of the community that controversies should have an end." *Hoyt v. Sprague,* 103 U. S. 613, 637.

We do not think that the showing here is such as to entitle the plaintiff to hold Owens and Frankson as receivers under the Bulk Sales Law, and particularly we do not think that such a decree as was rendered herein, necessarily indefinite and general for lack of pleading and evidence on which it might be made definite, can be sustained.

The plaintiff's right to a personal judgment against Heinicke to reclaim the spreaders is not in question. The decree should be reversed as to Owens and Frankson.—*Reversed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.