HENRY VEITH, Appellee, v. W. W. CASSIDY, Appellant.

**TRIAL:** Instructions—Unsupported Issue.  Nonsupported issues must
1    not be submitted to the jury.  (See Book of Anno., Vol. 1, Sec.
     11493, Anno. 504 *et seq.*)

**TRIAL:** Instructions—Copying Pleadings.  The presentation of issues
2    to the jury by copying verbose pleadings may constitute reversible
     error.  (See Book of Anno., Vol. 1, Sec. 11493, Anno. 278 *et seq.*)

Headnote 1:  38 Cyc. pp. 1617, 1618.  Headnote 2:  38 Cyc. pp. 1608,
1610.

*Appeal from Lee District Court.*—JOHN E. CRAIG, Judge.

FEBRUARY 16, 1926.

ACTION for damages growing out of an automobile collision.
From a judgment in favor of the plaintiff, the defendant ap-
peals.—*Reversed.*

*Herminghausen & Herminghausen* and *E. C. McManus,* for
appellant.

*O'Harra & Walker* and *William R. Sheridan,* for appellee.

ALBERT, J.—Briefly stated, the facts, so far as material, are
as follows:  On the 2d of June, 1923, the appellant and appellee
were traveling in their respective automobiles in the town of
Hamilton, Illinois.  The appellant was in the
front automobile.  The street had a rise in it,
and, in attempting to negotiate the rise, appel-
lant's car lost its momentum, and in changing gears he threw
it into reverse, instead of into intermediate.  The car backed
down the hill and collided with the car of appellee, who was
following.

1. TRIAL: instruc-
   tions: unsup-
   ported issue.

Appellee's petition consists of two counts.  In the first
count he asks $150 for the damage to his automobile, and in
the second count he asks $100 for injury to his wife in the col-
lision.

After a careful reading of the evidence, it is to be said that the appellee wholly failed to introduce any evidence which would warrant the court in sending the second count of the petition to the jury. In spite of this, however, the court submitted the claim under the second count to the jury, and the jury returned a verdict in full therefor. This was error on the part of the court. When it appeared that there was no evidence to support the second count of the petition, the court should not have instructed thereon.

Further complaint is made about the first instruction given, because said instruction copies almost verbatim the petition of appellee and the answer of the appellant, and closes with these words:

"As to the issues and questions in dispute, as above set forth, the court gives you the following instruction."

We have repeatedly condemned this method of stating the issues to a jury. Like all pleadings, those in the instant case contain surplus matter not necessary to a proper pleading. It is the duty of the court, in stating the issues in 2. TRIAL: instructions: copying pleadings. instructions, to select the material allegations of the pleadings of the parties which make the real issues in the case, and state them in such a way that the jury may understand the exact contentions of the respective parties. To copy the ordinary pleading in full, with the usual elaborations contained therein, and then tell the jury that the issues and questions under dispute are above set forth, permits them to speculate, and possibly turn their decision on a matter which is wholly immaterial, and not an issue in the case. *Swanson v. Allen,* 108 Iowa 419; *Gorman v. Minneapolis & St. L. R. Co.,* 78 Iowa 509; *Robinson & Co. v. Berkey & Martin,* 100 Iowa 136.

In these matters the court erred, and the case is reversed.— *Reversed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.