HENRY L. GROSS, Appellee, v. HUMKE SANITARY BAKERY, Appellant.

No. 39565.

NOVEMBER 21, 1929.

*Kenline, Roedell, Hoffmann & Tierney,* for appellant.

*Lyon & Willging* and *Robert Bonson,* for appellee.

KINDIG, J.—The accident out of which this suit for personal injuries grew, occurred on the 16th day of January, 1926, at the intersection of Eleventh and Main Streets, in Dubuque. Eleventh Street runs east and west, while Main Street extends in a northerly and southerly direction. These public thoroughfares intersect each other at right angles. At 6:30 or 7 o'clock in the morning, the plaintiff-appellee, a mail carrier for the United States government, was proceeding westward with a horse and sled, across Main Street, on the north side of Eleventh Street, while the defendant-appellant's truck, operated by an

employee, was traveling southward on the west side of Main Street; and when entering the intersection, the motor vehicle came in contact with the horse-drawn sled. Thus the collision occurred, and appellee was injured. On Main Street there are double street-car tracks, and, during the time under consideration, a street car either was proceeding southward a few feet north of the intersection, or had arrived at the north line of Eleventh Street and was standing still. As to whether the street car was moving or standing still, there is some conflict in the evidence.

Appellant contends that its truck passed the moving street car approximately 60 feet north of the intersection, and then proceeded down to Eleventh Street, where the impact occurred. This accident happened, according to appellant's theory, because its truck driver did not see appellee's horse and sled until they suddenly emerged from the darkness into the range of the truck's headlights. Appellee, on the other hand, maintains that the street car had come to a full stop, at or near the north line of Eleventh Street, and the appellant's driver proceeded from the north past the standing car, and without warning carelessly entered the intersection. In fact, appellee insists that appellant's driver ran into the horse and sled although they were in full view.

A jury returned a verdict for the appellee, and judgment was rendered thereon by the court. Therefore, this appeal was taken. Many errors are assigned, but we find it necessary to consider only one of them. It relates to the following portion of Instruction No. 9, given the jury by the trial court:

"Instruction 9. * * * The driver or operator of every vehicle shall bring the same to a full stop not less than five feet from the rear of any street car headed in the same direction which has stopped for the purpose of taking on and discharging passengers, and remain standing until such car has taken on or discharged its passengers. * * *"

Said instruction is identical with Section 5037 of the 1924 Code.

I. Insistence is made by appellant that there is no basis, under this record, for that charge to the jury. Substantial evidence does not exist which supports the proposition that the

street car stopped for the purpose of, or was, "taking on and discharging passengers." While this fact may not be conceded by appellee, yet it is not seriously contended by him that such evidence appears in the record. According to appellee's testimony, the street car in fact stopped, yet manifestly there is no substantial evidence tending to show that it did so for the purposes aforesaid.

Was there prejudice, then, in giving that charge to the jury?

II. An affirmative answer to that interrogatory is made by appellant. That response is based upon three reasons. Two of them will here be considered together. First, it is argued that the trial court in no event can submit an issue raised by the petition if the evidence does not support the same. Generally speaking, that is true. *Veith v. Cassidy*, 201 Iowa 376; *Douda v. Chicago, R. I. & P. R. Co.*, 141 Iowa 82; *Arnd v. Aylesworth*, 136 Iowa 297.

Next, appellant urges its second point, which is the converse of the first. Briefly, it is that an unpleaded issue should not be presented to the jury, even though there may be evidence supporting it. *Tabler v. Evans*, 202 Iowa 1386. Both of these legal principles are well recognized, but neither has application in the case at bar, because the trial court did not submit to the jury the foregoing instruction as the embodiment of an issue. Rather than so doing, that tribunal gave the charge under dispute as a definition or explanation of negligence, to be used by the jury in determining whether the appellant was liable under the issues pleaded and supported in the record. Those issues which were pleaded by appellee, supported in the evidence, and submitted to the jury, were appellant's negligence "in driving its automobile past a standing street car and into the intersection without having said automobile under reasonable control; in failing to stop its automobile before colliding with plaintiff's horse and sleigh; in not having its automobile under control; and in failing to reduce the speed thereof to a reasonable and proper rate when approaching and traversing the intersection of a public highway; in driving its automobile and failing to observe the plaintiff in time to avoid the collision when plaintiff was in the intersection and making the crossing; in approaching the intersection while his [the automobile driver's] view was obstructed, without having said automobile under

reasonable and proper control, and without due regard for the traffic upon the street; in approaching said intersection from behind the street car without giving warning of his [the driver in the truck's] coming; in attempting to pass the street car at the intersection.''

Hence, negligence in passing a street car while it was ''taking on or letting off passengers'' is not contained among the issues presented to the fact-finding body.

III. Under its third proposition before mentioned, appellant complains because the trial court set forth in its instructions the above and foregoing statute relating to a motor vehicle's passing a standing street car while the same is ''taking on or letting off passengers.'' Such objection is urged because the quoted statute has no relevancy or materiality in a definition of negligence under the issues raised in the pleadings; for, in the instant case, the street car, even if standing, was neither ''taking on'' nor ''discharging'' passengers. Although the quoted statute was not material or relevant, the trial court so associated the same with its definition of negligence as to prejudice the appellant.

The only definition of negligence which should have been presented to the fact-finding body was one fixing a standard by which it was to determine whether appellant used due care while operating the truck. Negligence, therefore, became involved only so far as the specific grounds thereof were alleged in appellee's petition above quoted. Consequently, the definition should have been confined to appellant's misconduct, as itemized in appellee's specification of negligence. Nevertheless, the trial court went beyond that line of demarcation, and entered into another realm not authorized by the pleadings or proof. Thereby the trial court's definition of negligence was broadened so as to include that for which no basis under the issues existed. To elucidate at this point, a portion of the instructions is here set forth. After stating the issues, as previously indicated, the court below said to the jury:

''Negligence consists in doing something which a person of ordinary prudence and caution would not do under the same or similar circumstances, or in failing to do something which a person of ordinary prudence and caution would not fail to do under the same or similar circumstances.''

Continuing after that portion of the charge, the court attached thereto the following additional definition:

*"Negligence in this case may also* [the italics are ours] be defined to be a violation of the statutory laws of the road of this state in effect at the time of the alleged occurrence, without warranted excuse. * * * You are instructed that the statutory law of this state provides as follows: [Here was quoted in full the statute prohibiting a motor vehicle from passing a standing street car while it is "taking on or discharging passengers."] * * *"

Necessarily, therefore, the jury would understand that the definition of negligence by which they were to determine appellant's liability under the pleadings included a violation of said statutory mandate above quoted. Prejudice arose when the jury were told to apply that unwarranted definition to the issues herein set forth, including the following: "Was the appellant negligent in attempting to pass the street car at the intersection?" That fact-finding body were not instructed that there was no evidence concerning the street car's "taking on or discharging passengers." Without such express admonition, under the circumstances, the jurors would probably infer and conclude from their experience that a street car stopping at such place in said manner and way would do so for the purpose of taking on or discharging passengers. Especially is this true because of certain insinuations made by appellee concerning his not thinking that the truck driver would pass the street car which had stopped at the intersection in the way indicated.

Wherefore, the jury would find that the appellant was negligent in passing the street car at the intersection because the statute was not complied with. As a matter of fact, that body was not told that the statute under consideration had any other relevancy or materiality. On the contrary, the jury were directed to apply this statute in determining appellant's negligence, as shown by Instruction No. 14. Therein the court said that, in fixing appellant's negligence, the following matters should be taken into account: First, whether the truck "was in front of the street car or to the rear of it * * *;" and second, did the appellant's driver violate "the statutory road law of the state, without warranted excuse?" Immediately succeeding this, the

trial court continued with this advice: "Then and in that event (if the preceding questions are answered in the affirmative), the driver of defendant's automobile would have been guilty of negligence." Were it not for the statute, it would not be negligent, necessarily, for the appellant to operate his truck past a standing street car. Whether such passing, in the absence of the statute, would be negligence in a given case, necessarily must depend upon the facts and circumstances involved.

Prejudicial error arose because the definition of negligence was too broad, in that it included said statute, relating to a motor vehicle's passing a street car while the same was "taking on or discharging passengers."

IV. Appellee, nevertheless, seeks to justify this definition on the theory that it was material when used in explaining his freedom from contributory negligence. Assuming, without deciding, that there might be facts and circumstances under which the definition could be used for that purpose, yet in such event the court should make proper explanation, and confine the statutory subject-matter to contributory negligence. Here, however, the definition was not limited to the subject of contributory negligence. Rather than thus confining the statutory provision, the trial court, by associating it with the issues and statements concerning appellant's negligence, as before demonstrated, strongly indicated that application thereof should be made when determining whether or not there was negligence in operating the truck past the standing street car.

Wherefore, the judgment of the district court should be, and hereby is, reversed.—*Reversed.*

Albert, C. J., and Evans, Faville, De Graff, Morling, and Grimm, JJ., concur.

Stevens and Wagner, JJ., dissent.