N. E. ISAACS, next friend of MARGARET ISAACS, Minor, Appellee, v. GEORGE BRUCE, Appellant.

No. 42385.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 27, 1934.

Senneff, Bliss & Senneff, and Miller, Miller & Miller, for appellant.

Burt J. Thompson and Dudley Weible, and Thomas & Loth, for appellee.

KINDIG, J.—On December 24, 1931, at about 10:30 o'clock p. m., Margaret Isaacs was injured when the Packard automobile in which she was riding collided with a Ford truck at the intersection of paved highway No. 106, an east and west thoroughfare, with a graveled road extending in a northerly and southerly direction, near the west boundary of Mason City.

At the time of the accident, Bruce Thompson, Raymond Ellis, Janice Thompson, and Margaret Isaacs were riding in the Packard car eastward on the south side of the east and west pavement. Raymond Ellis was driving the Packard automobile. Janice Thompson was in the front seat with him. Bruce Thompson was riding on the right side of the back seat, and Margaret Isaacs was sitting on the left side of the back seat as the Packard car approached the scene of the accident. Wells Bruce was driving a Ford truck, belonging to his father, George Bruce, the defendant-appellant, eastward on the paved highway ahead of the oncoming Packard auto-

mobile. Riding at the time with Wells Bruce in the Ford truck were his brother, Floyd Bruce, and his cousin, Doris Bruce. The driver, Wells Bruce, was on the left side of the seat in the truck. Doris Bruce was in the middle of the seat, and Floyd Bruce was on the right-hand side thereof.

When Wells Bruce approached the graveled highway before mentioned, he desired to turn thereon from the paved road. This necessitated that he turn to the left across the paved road. Before turning to the left, Wells Bruce, the driver of the truck, looked backward and saw the Packard car approaching. At about this time Wells Bruce slowed down the truck and turned it partly onto the shoulder at the south of the pavement. About half of the Ford truck was on the shoulder and the other half was on the pavement. Apparently Raymond Ellis, the driver of the Packard car, did not see the truck on the highway ahead until Bruce Thompson, who was riding in the back seat, noticed it and called the driver's attention thereto. That was immediately before the collision. After being thus warned, Raymond Ellis, the driver of the Packard car, put on the brakes and swerved his automobile to the left. The front part of the Packard car missed the truck, but the back part of the Packard struck the left hind corner of the truck. As a result of the collision, Margaret Isaacs received severe and permanent injuries.

So, on April 1, 1932, N. E. Isaacs, the next friend of Margaret Isaacs, a minor, the plaintiff-appellee, commenced this action against George Bruce, the owner of the truck, on the theory that he had consented to the use of the truck by his son, Wells Bruce. Subsequently the cause was tried to a jury, which returned a verdict in favor of the appellee, and judgment was entered by the district court accordingly. From that judgment, the appellant appeals. On the appeal many propositions are argued by the appellant. Only a part of them, however, will be considered.

I. It is first argued by the appellant that the district court erred in not sustaining his motion for a directed verdict and his motion to withdraw certain issues from the jury. In his petition, the appellee charged three grounds of negligence. These grounds were: First, that Wells Bruce, the driver of the Ford truck, in stopping, slowed down without giving any warning signal thereof; second, that Wells Bruce, the operator of the truck, drove the same upon public highways of the state without carrying or displaying any rear tail-light or reflectors; and, third, that Wells Bruce

operated the "truck without complying with the provisions of section 5105-c19 of the 1931 Code, by not having on the corners of the body of said truck glass reflectors which reflected the light from the rays of approaching motor vehicles and clearly defined the limits of the body of the truck." Each ground of negligence was submitted to the jury by the district court.

The appellant argues that there is no substantial evidence in the record to sustain any of the grounds of negligence above enumerated. This contention of the appellant will now be considered as it especially applies to the first ground of negligence, to wit, that Wells Bruce, the driver of the Ford truck, in stopping, slowed down without giving any warning signal of his intention so to do. Section 5032 of the 1931 Code provides:

"The operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety and shall give a visible or audible signal to the crossing officer, if there be such, or to the drivers of vehicles following, of his intention to make such a movement, by raising and extending the hand or by a proper signal or device indicating with it the direction in which he wishes to turn."

See, also, Holub v. Fitzgerald, 214 Iowa 857, loc. cit. 861, 243 N. W. 575; Dillon v. Diamond Products Co., 215 Iowa 440, 245 N. W. 725.

On the theory of the statute above quoted, the district court submitted to the jury the first ground of negligence alleged by the appellee, as previously shown. But it is argued by the appellant that the district court erred in submitting this issue to the jury because there is no substantial evidence in the record to sustain the charge that his son, Wells Bruce, the driver of the Ford truck, did not give a visible or audible signal to the driver of the Packard car of his intention to stop or turn. Likewise, it is contended by the appellant that even if the evidence sustained the fact that the driver of the Ford truck did not give the statutory signal of his intention to stop, yet there is nothing in the record to indicate that such failure to signal was the proximate cause of the accident.

A careful study of the record compels us to conclude that there is no substantial evidence on which to sustain this ground of negligence. Consequently it should not have been submitted to the jury.

Raymond Ellis and his guests in the Packard automobile did not see the Ford truck until an instant before the collision. Accordingly the occupants of the Packard did not know whether or not Wells Bruce, the driver of the Ford truck, gave a signal of his intention to stop. That is said upon the theory that the record discloses that Wells Bruce, the driver of the Ford truck, intended to stop. He, so far as the record shows, had not stopped the Ford truck. It does not definitely appear in the record whether Wells Bruce intended to bring the Ford truck to a stop. Assuming, however, that Wells Bruce intended to stop the Ford truck, there is nothing in the record to indicate that he failed to give the statutory signal of his intention so to do.

Floyd Bruce, who was riding in the Ford truck with Doris Bruce and Wells Bruce, the driver thereof, testified that he did not see or hear his brother Wells give such signal; but Floyd did not testify that the signal was not given. Therefore, there being no substantial evidence in the record to sustain this ground of negligence, the district court should not have submitted the issue to the jury. Simmons v. Chicago, R. I. & P. Ry. Co., 217 Iowa 1277, 252 N. W. 516; Graves v. Chicago, R. I. & P. Ry. Co., 207 Iowa 30, 222 N. W. 344; Gross v. Humke Sanitary Bakery, 209 Iowa 40, 227 N. W. 620; Cresswell v. Wainwright, 154 Iowa 167, 134 N. W. 594; Stout v. Chicago, R. I. & P. Ry Co., 198 Iowa 1017, 200 N. W. 596; Douda v. Chicago, R. I. & P. Ry. Co., 141 Iowa 82, 119 N. W. 272; Veith v. Cassidy, 201 Iowa 376, 207 N. W. 328. If, when a jury returned a verdict under an allegation of the petition, the trial court must set it aside because not sustained by the evidence, the issue should not be submitted to the jury in the first place. Jacob Meyer & Bros. v. Houck, 85 Iowa 319, 52 N. W. 235; Ellis v. Oliphant, 159 Iowa 514, 141 N. W. 415; Russell v. John Clemens & Co., 196 Iowa 1121, 195 N. W. 1009; Buser v. Morrison, 212 Iowa 31, 233 N. W. 28.

Moreover, there is nothing in the record to indicate that the failure of Wells Bruce to give the statutory signal of his intention to stop the truck was the proximate cause of the collision with the oncoming Packard. Wells Bruce, as before indicated, intended to turn north from the paved highway onto the graveled road. But before he turned, he looked back and saw the Packard approaching. So, as before stated, in order to let the Packard pass, Wells Bruce drove the truck to the right, partly onto the shoulder of the road.

The right-hand two wheels of the truck were on the shoulder and the left-hand two wheels thereof were on the pavement. Consequently the truck was in that position when struck by the Packard. Manifestly, therefore, the truck was not struck because it commenced to turn to the left across the paved highway onto the graveled road.

Nor was the truck struck by the Packard car because Raymond Ellis, the driver of the latter car, suddenly faced an emergency growing out of the fact that he had gaged his speed, or otherwise regulated his automobile, to conform to the speed of the truck, and, while so driving, the truck, to his surprise suddenly and without warning stopped. Obviously the statute under consideration relating to the duty of the driver of the forward car to signal his intention to stop was enacted for the purpose of protecting the approaching driver who, first having seen the forward car, adjusted the speed of, or otherwise regulated, his own car accordingly. A driver of the car behind who has thus adjusted the speed of, or otherwise regulated, his own car to the speed of the forward car might be trapped into a dangerous situation if the driver of the forward car, without signaling his intention of so doing, should suddenly bring his car to a stop. It is to avoid an emergency that might thus arise that the statute requires the driver of the forward car to signal to the driver of the oncoming car that there is to be a stop. In the case at bar, however, Raymond Ellis, the driver of the oncoming Packard car, had not adjusted the speed of, or otherwise regulated, his car in harmony with the Ford truck ahead. Raymond Ellis could not so have done because he did not know that the Ford car was ahead of him. As a result, Raymond Ellis, when driving his Packard automobile, was not, while gaging his speed, or otherwise regulating his car, to correspond with the speed of the Ford ahead, confronted with an emergency created by the sudden stopping of the Ford. The sudden stopping of the Ford without the signal of the driver of his intention so to do had nothing whatever to do with the collision. According to the record, the collision occurred because the driver of the oncoming Packard did not see the slowly moving Ford truck on the highway ahead in time to turn to the left and avoid it.

Under this record, a jury would be warranted in finding, if it were so inclined, that Raymond Ellis, the driver of the Packard car, did not see the Ford truck because the same was not properly

lighted in the rear, as required by law, and because of the concurring negligence of Raymond Ellis in failing to so drive the Packard car as to stop within the assured clear distance ahead. But in no event would the jury be warranted in finding that the collision occurred because Wells Bruce, the driver of the Ford truck, did not signal to Raymond Ellis, the driver of the Packard, that the truck was to be stopped. Wherefore, the failure of Wells Bruce to give the statutory signal was not the proximate cause of the accident. Such failure not being the proximate cause of the accident, the issue raised by the first ground of negligence alleged in the appellee's petition should not have been submitted to the jury. Ryan v. Trenkle, 203 Iowa 443, 212 N. W. 888; Schultz v. Starr, 180 Iowa 1319, 164 N. W. 163. There must be some causal connection between the act of negligence and the resulting damages. Simmons v. Chicago, R. I. & P. Ry. Co., supra; McDowell v. Interstate Oil Co., 208 Iowa 641, 224 N. W. 58; Hogan v. Nesbit, 216 Iowa 75, 246 N. W. 270.

II. Nevertheless, it is argued by the appellee that even if the court erred in submitting the foregoing issue to the jury, the verdict and judgment can be sustained on the theory that Wells Bruce was negligent as a matter of law. See Foley v. Mathias, 211 Iowa 160, 233 N. W. 106; Butler Manufacturing Co. v. Elliott & Cox, 211 Iowa 1068, 233 N. W. 669. That negligence, the appellee argues, arose because the Ford truck was operated on the highway without tail-lights and without reflectors, contrary to the statutes of Iowa. It is not admitted in the record by the appellant that the truck was thus operated without tail-lights and reflectors.

On the other hand, the appellant contends that the truck was equipped with the statutory tail-lights and reflectors. Wells Bruce, the driver of the Ford truck, so far as indicated by the evidence, did not know that the truck on the night in question was being operated without lights. Some time prior to the night in question, Wells Bruce observed that the truck was equipped with tail-lights and reflectors. The reflectors were fastened at the edge of a four by four which held up the floor of the truck at the outside. Ordinarily there were two tail-lights on the truck. Each light was fastened to a bracket. George Bruce, the appellant, testified that he had not used the truck since December 19th, immediately before the accident. Likewise, the appellant testified that he had seen tail-lights and reflectors on the truck. He had thus seen reflectors and

tail-lights on the truck, the appellant said, within a period of two weeks or so before December 19th. It does not appear that the truck since the time thus used by the appellant was in any way employed so as to break off or jar loose the lights and reflectors. After the accident, it appears that there was glass found on the pavement near the back end of the truck. As a result of the collision, there was a terrific impact between the truck and the heavy Packard car. Several witnesses testified that after the impact they did not see reflectors or tail-lights on the truck. The policeman, E. H. Lennecamp, testified that he inspected the truck immediately after the accident to find tail-lights and reflectors, but did not find any. Also this witness testified that he did not find a tail-light lying on the roadway or in the body of the truck "or any place around there." This witness also said that the brackets which held the lights were full of mud and rusty. But this witness, on cross-examination, testified that he did not see on the ground the four by four which held the reflectors. Immediately after the accident Roy Hardy, an automobile repairman, was called to the scene of the accident to take care of the Packard car. He found on the ground the four by four which holds the reflectors. He put the four by four in the Packard car when he took it to the garage, but when interrogated this witness could not say whether or not the reflectors were on the four by four at the time in question.

During the succeeding few days, M. W. Ellis, the owner of the Packard car, came to the garage and took the four by four home with him. There appears to have been at least one, and probably two, trials in connection with the accident before the present case was tried. In at least one of the previous trials, it was claimed by the Bruces that the reflectors or lights were fastened to the four by four, and that M. W. Ellis had sent them the license number which was attached to the four by four, but did not return to them the four by four. M. W. Ellis was present during at least one of these trials and knew of the claims made by the Bruces. Nevertheless he said nothing at that time about the four by four. His excuse for being silent was that he had forgotten about, and did not know the location of the four by four. Finally the four by four was located in a rubbish heap at the M. W. Ellis home, where it was resurrected for the present trial. A claim is made by the Ellises that the Bruces admitted some time after the accident that the truck had not been equipped with lights and reflectors for some con-

siderable time. But at the present trial the Bruces emphatically denied making any such statements.

Under all the circumstances, it is apparent that we cannot say, as a matter of law, that the truck at the time of the accident was not equipped with lights and reflectors. Without doubt there was a jury question presented under the record on the issue of whether or not the lights and reflectors were on the truck, as required by law Therefore the jury would have been warranted in finding, had it been so inclined, that the truck was not equipped with the statutory tail-lights and reflectors. Although the jury could have so found, as a matter of fact, we cannot arrive at such conclusion as a matter of law. Prejudice, therefore, arose because the district court submitted an issue to the jury which is not sustained by substantial evidence.

Because thereof, the judgment of the district court must be, and hereby is, reversed.—Reversed.

CLAUSSEN, C. J., and EVANS, ALBERT, and DONEGAN, JJ., concur.