H. E. JANVRIN, Appellant, v. W. C. BROE, Appellee.

No. 47250.

(Reported in 33 N. W. 2d 427)

AUGUST 2, 1948.

R. G. Remley, of Webster City, for appellant.

Phelan, Karr & Karr, of Webster City, for appellee.

BLISS, J.—The collision occurred in the business section of Webster City, on February 18, 1947 about 1 p.m. on the south half of Second Street, an east-west street, at a place immediately east of its right-angle intersection with Des Moines Street. There were red and green stop and go signals at the intersection. The only allegation of negligence in the petition is thus stated, with certain immaterial deletions:

"Defendant had his automobile parked on the south side of Second Street, and plaintiff was driving his automobile east on said street. Defendant drove his automobile in such a negligent and careless manner in an attempt to come from the curb into the line of traffic, that a collision was caused between the right front portion of plaintiff's automobile and the left front portion of defendant's automobile. Defendant had the sole management and control of his automobile and is responsible for its operation and defendant operated his automobile in such a negligent and careless manner as to permit it to come in collision with plaintiff's automobile."

He alleged freedom from contributory negligence. With respect to his damages plaintiff alleged that "damage was sustained by plaintiff and he was further damaged by the loss of the use of his automobile until it could be repaired. Total damage to his person and car is $500." He asked judgment for that sum. A motion of defendant for more specific statement of the allegation of damages was complied with under order of the court, by this amendment: "That plaintiff was damaged $50 by the loss of the use of his automobile until it could be repaired. $250 damages to his car and $200 to his person by shock and the trouble brought about by the accident."

Defendant by answer admitted the parking of his car and

the collision at the time and place alleged and denied all other allegations of the petition. In his counterclaim he asked judgment for $25 for damages to his car.

At the close of plaintiff's case defendant's motion for a directed verdict was overruled. His motion to withdraw from the jury the issue as to personal damages, damages in the sum of $50 for loss of the use of the car, and any claim for damages to the car in excess of $85.20, was sustained in part and overruled in part.

The court ruled that there was no evidence upon which the jury could base a verdict for personal injuries. Respecting the loss of the use of the car, the court stated that while the evidence was not strong, yet it was sufficient to take the issue to the jury. As to the car damage the court ruled that the claim therefor in excess of $85.20 was withdrawn.

The parties agreed that at the time and place of the collision a valid ordinance permitted double parking for a period not to exceed five minutes. Defendant's evidence consisted only of his own testimony. The expense of repairing his car, was $4.25. There was no rebuttal testimony. Defendant then renewed his motion for a directed verdict. It was denied. The court on its own motion withdrew the defendant's counterclaim for the stated reason that defendant had not shown himself free from contributory negligence in that the evidence conclusively showed that he had not given the statutory arm or horn signal before moving from a parked position into a line of traffic. Defendant contended that the question of his contributory negligence was for the jury. The court answered that, with respect to the counterclaim, defendant was contributorily negligent as a matter of law since he violated a statute. Continuing, the court said:

"What I am trying to tell you is this: I don't know whether you and I see alike or not, but where the defendant violates the statute and that is interwoven into the accident itself, the defendant has failed in his burden to prove himself free from negligence so it bars his recovery on his claim, his $4.25 claim, but that does not establish the negligence so far as the plaintiff's claim is concerned. The plaintiff still has to prove that. We are arguing over a $4.25 counterclaim."

The case was submitted to the jury solely on the issues raised by the petition and denied by the answers, that is, the defendant's negligence, the plaintiff's freedom from contributory negligence, and the matter of damages. Recovery of damages was limited solely to loss of the use of plaintiff's car, and the expense of repairing it in an amount not to exceed $85.20. The evidence showed conclusively that plaintiff paid such sum for repairs, and there was no evidence that the charge was unreasonable. It was likewise shown that plaintiff was without the use of the car for a few days, and there was some evidence of the value of that use. In returning a verdict for the defendant the jury must have found and concluded that the plaintiff either caused, or contributed to, by his own negligence, any damage which he sustained, or that any negligence of defendant was not the proximate cause.

Plaintiff submitted no requested instructions. Plaintiff excepted to the sixteen instructions, as a whole, and to seven of them specifically. His motion for new trial contained twenty-eight grounds. The court overruled each of them specifically, and we think rightly. Fifteen errors are assigned for reversal and are argued at length. They do not entitle plaintiff to a reversal. We will not discuss all of them.

There is no material controversy over the facts. It appears that defendant, age seventy-one, drove his car east on the south side of Second Street. Just east of the Des Moines Street intersection he stopped his car a short distance from the curbing in the second parking lane to let his wife get out to go into a store. There was no car parked between his car and the curb, and none was parked back or west of him along the curb or in the second parking lane. But another car was parked in front of him in the second parking lane. He had no intention of leaving his car where he had stopped, but intended to drive to the bank. Because of the car parked ahead of him it was necessary for him to turn his car to the northeast to get into the lane of traffic. He first looked left to the rear and saw no cars approaching from the west on Second Street. There is no evidence that there were any. He then entered the traffic lane moving slowly. He gave no arm or horn signal of this

movement. In the meantime, the plaintiff—a retired gentleman, age seventy-two—when the green light came on entered the street intersection just back of defendant's car from the north on Des Moines Street, and proceeded east on Second Street at a speed of five or ten miles an hour. Second Street is 54 feet wide between the curbs. Plaintiff's car had gone about 45 feet east when it contacted defendant's car before it had fully entered the lane of traffic, and pushed it sideways into the car which was parked just ahead of it to the right. As plaintiff's car proceeded ahead a few feet before stopping, the front bumper of defendant's car caught under the right front fender of plaintiff's car and loosened it from the body. When plaintiff's car stopped its left front wheel was at about the center line of the street. There was a truck parked along the north curb. Defendant testified that this truck was 20 feet north of his car leaving ample room for plaintiff's car to pass eastward. Plaintiff testified that he had no recollection of seeing defendant's car and the first time he was conscious of it was at the time of the impact.

I. Plaintiff complains because the issue of personal injury was not submitted to the jury. There is no basis for the complaint. He alleged no specific personal injury in his petition. In Exhibit A, a report he made to defendant's insurer, he stated that no person was injured. As a witness he was not certain that he claimed such damages in his petition. He testified:

"I just told you I didn't receive any personal injury. I ain't got no claim there for personal injuries according to that paragraph [in the petition] I just read. * * * I wasn't personally damaged. That is, the way you figure it; is merely anxiety, I presume, not exactly any grief to it though. Anxiety of getting things fixed up and started over again. * * * I did feel shocked and excited right after the accident. * * * I was sure surprised that I had this collision because I wasn't expecting it. That is what I mean by the word 'shocked'. I was surprised having my car hit. * * * Most of the worry was running around for the next three or four days trying to figure

983

out how long I had to have the car laying around before I could make proper use of it."

If there were any error in not submitting this issue it was cured by the verdict for defendant that plaintiff was entitled to *no* damages.

██ ██ II. Plaintiff repeatedly urged that defendant admitted in his answer that he was negligent. Plaintiff contended that the court erred in submitting the issue of defendant's negligence to the jury because of this alleged admission. Defendant's answer does not sustain the construction which plaintiff places upon it. It is true that one part of the answer is carelessly worded, but in other paragraphs any negligence of defendant is clearly and expressly denied. In ruling upon the motion for new trial, the court said:

"The court is unable to ascertain from the pleadings that the admissions claimed to have been made in the defendant's answer are borne out by the record."

The pleading was in no way challenged.

The true meaning of the pleader is to be gathered from the pleading as a whole and from a fair and reasonable construction of its language. As said in Wagner v. Northern Securities Co., 226 Iowa 568, 573, 284 N. W. 461, 464, quoting from Lockhart v. Leeds, 195 U. S. 427, 435, 25 S. Ct. 76, 78, 49 L. Ed. 263, 268:

" 'All pleadings must be construed reasonably, and not with such strictness as to refuse to adopt the natural construction of the pleading because a particular fact might have been more distinctly alleged, although its existence is fairly, naturally, and reasonably to be presumed from the averments made in the pleading.' "

To like effect see Lampman v. Bruning, 120 Iowa 167, 169, 94 N. W. 562; Jones County Tr. & Sav. Bk. v. Kurt, 192 Iowa 965, 978, 182 N. W. 409; Pixler v. Clemens, 195 Iowa 529, 533, 191 N. W. 375; Schramm & Schmieg Co. v. Shope, 200 Iowa 760, 763, 205 N. W. 350.

██ III. Plaintiff complains because the jury was limited in

984

the amount of damages which it could find with respect to the car. There was no proper evidence of any damages in excess of $85.20. If there were any such error it was cured by the finding of the jury that plaintiff was not entitled to damages in any amount. What is said in Division III hereof also applies to plaintiff's complaint that the court misquoted plaintiff's petition in stating the alleged damage to the car was $200 instead of $250.

IV. We find no foundation in the record for plaintiff's charge that the verdict of the jury was governed by passion and prejudice generated by the curt and combative manner of the court.

█ V. It was stipulated by the parties that limited double parking was allowed by ordinance at the place of the collision. In argument to the jury plaintiff's attorney was contending that defendant had violated this ordinance since he had stopped his car in the second parking lane when there was no car parked at that place in the first or curb lane. Objection was made to this line of argument and sustained. Plaintiff assigned error. Of the incident the court said:

"There was no evidence that this ordinance was violated by double parking. The case having been tried on the theory that two lanes of parking were authorized, there was no issue for submission to the jury nor for argument to the jury by counsel that two-lane parking might have been unlawful under the record in this case."

Whether defendant violated the ordinance was quite immaterial. Its violation, if any, had no causal connection with the injury. It was not alleged as a ground of negligence. The collision was in the traffic lane. Whether there was another car parked between defendant's car and the south curb was unimportant under the record.

█ VI. As heretofore noted, the court withdrew defendant's counterclaim for the stated reason that defendant had not given the hand and horn signal required by section 321.314, Code of 1946, and was therefore negligent as a matter of law. This section is as follows:

"When signal required. No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement."

In Instruction V the court gave the pertinent substance of said section, and of section 321.318, Code, 1946, designating the method of giving hand and arm signals. In that instruction the court said that if the jury found defendant had violated said statutory signals he "would be guilty of negligence; otherwise not."

In Instruction VII the court quoted to the jury Code section 321.313, which is:

"Starting parked vehicle. No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

In this instruction the court also told the jury that if defendant violated the section he "would be guilty of negligence; otherwise not."

Plaintiff excepted to Instruction V because it made "an issue of the negligence of defendant when defendant's negligence is admitted under the pleadings and furthermore, the court under the evidence of the defendant himself should instruct the jury that the defendant is guilty of negligence as a matter of law."

Plaintiff supports the exception with precedent and argument. It is ordinarily true that a matter of fact which is admitted or without controversy or conclusively established should not be submitted to the jury, but it is not always reversible error to do so. Low v. Ford Hopkins Co., 231 Iowa 251, 254, 1 N. W. 2d 95, and cases cited. We hold, as above stated, that defendant did not admit negligence in his answer. Neither did he in his testimony. He merely testified that he gave no signal by horn or by hand and arm. Whether this failure

was negligence depends upon whether there was any statutory requirement to give such signals. We think the court was mistaken in holding that a hand and arm signal was required by statute, or that said section 321.314 was applicable to defendant under the circumstances. The "course" of a motor vehicle is its motion or movement with reference to its direction or line of progress. 20 C. J. S., Course, 1303. A "direct course" in the meaning of the Code section would reasonably appear to be the straightforward course. In 11 C. J., Collision, 1014, 15 C. J. S., Collision, section 2, direct "course" is defined as:

"Progress from point to point without change of direction; any part of a progress, from one place to another, which is in a straight line or in one direction; the track or line of motion; direction in which motion takes place * * *."

Section 5032 of the Codes of 1924–1935, the predecessor of section 321.314, Code, 1946, which included stopping in the "direct course" as well as turning from it, has uniformly been held to apply to signals given by the motorist, "stopping" or "turning", to the operators of other vehicles who might be affected by such movement—the statutory purpose being to inform the latter so that they might control and accommodate the movement and speed of their vehicles to the vehicle of the motorist giving the signals. Harmon v. Gilligan, 221 Iowa 605–608, 266 N. W. 288; Isaacs v. Bruce, 218 Iowa 759, 763–765, 254 N. W. 57, 59; Albrecht v. Waterloo Constr. Co., 218 Iowa 1205, 1208, 257 N. W. 183, 184.

Section 321.315, Code, 1946, with reference to the signals required by section 321.314, provides:

"Signal continuous. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."

It would be impossible for one starting a parked car to give such a signal. One starting a parked car from its proper place of parking along the right side or curb of a city street can turn only to the left, and the statutes do not require a signal to indicate it.

Section 321.313, Code, 1946, provides: "Starting parked vehicle. No person shall start a vehicle which is stopped, standing, or parked *unless and until such movement can be made with reasonable safety.*" (Italics ours.) No signaling is specified; while section 321.314, which uses the same italicized words, immediately following them, directs the giving of signals.

■ Defendant contends that section 321.313 was the statute applying to him and not section 321.314. We agree with him. Under that section he was not required to give any signal, but the burden was upon him not to move his car until he could do so with reasonable safety. He looked to his left and back and saw no car. The red light was on. Whether plaintiff's car was visible on Des Moines Street does not appear. He then turned his car into the lane of traffic and it was all in that lane except the right rear when the collision occurred. Whether he used reasonable care, or violated the statute was submitted to the jury in Instruction VII. The negligence, if any, of each party, and the proximate cause of the collision, were questions for the jury. It absolved the defendant from liability, and there was substantial evidence to sustain the verdict.

■ VII. Plaintiff in his reply argument, insists that if section 321.314 was not applicable, then it was reversible error to instruct upon it. This does not follow. The instruction was not prejudicial to plaintiff, but was entirely too favorable to him. As said in International Stock Food Co. v. Beshey, 200 Iowa 165, 168, 204 N. W. 265, 266:

"Authorities need not be cited to the point that, to justify reversal because of an erroneous instruction, it must appear that the instruction was prejudicial to the party complaining of it. We think the instruction, although erroneous, did not operate to the prejudice of plaintiff as to this particular point."

■ VIII. If section 321.314 were applicable, it is quite improbable that defendant's failure to signal had any causal connection with the collision, since, as plaintiff did not see defendant's car until the instant of the impact, there was little likelihood that he would have seen a signal. Isaacs v. Bruce, supra, 218 Iowa 759, 765, 254 N. W. 57; Banghart v. Meredith,

988

229 Iowa 608, 612, 613, 294 N. W. 918; Burbridge v. Briggs, 235 Iowa 12, 14, 15, 15 N. W. 2d 909.

 IX. Plaintiff assigned error because the court permitted defendant to reply to plaintiff's reply argument to the jury. The argument was concerning Exhibit A, which had not been mentioned in either preceding argument. The court held that under Rule 195 of the Rules of Civil Procedure the argument of plaintiff's attorney entitled the plaintiff to an answering argument to the particular matters discussed in plaintiff's reply argument. The court then refused to allow plaintiff to follow with an additional argument. The arguments nor their substance are not in the printed record. The court has a wide discretion in such matters, and we find no merit in plaintiff's contention.

We have considered all errors assigned and find no reversible error. The judgment is affirmed.—Affirmed.

All JUSTICES concur.