# IN THE COURT OF APPEALS OF IOWA

No. 16-0137
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT A. HOWARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jackson County, Joel W. Barrows (suppression ruling), Mark R. Lawson (trial on the minutes), and Paul L. Macek (sentencing), Judges.

        A defendant challenges the traffic stop leading to his operating-while-intoxicated conviction. **REVERSED AND REMANDED.**

        Joshua J. Reicks of Schoenthaler, Bartlett, Kahler & Reicks, Maquoketa, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger and Tyler J. Buller, Assistant Attorneys General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Tires squealed. The sound came from the intersection of Platt and Niagra Streets in downtown Maquoketa, which was also the location of the police station. Officer Kody Sieverding heard the tires squeal from inside the station, rushed to the back door, and saw a Chevy Monte Carlo heading west on Platt Street. The officer took off in his squad car and stopped the Chevy in the Kwik Star parking lot, a few blocks from the station. During his investigation, Officer Sieverding detected the driver, Robert Howard, was intoxicated. On appeal, Howard contests the basis for the traffic stop that resulted in his arrest and conviction for operating while intoxicated.

In his motion to suppress, Howard asked the district court to exclude evidence of his intoxication discovered during the stop, alleging the officer lacked either probable cause or reasonable suspicion to pull him over. Howard's motion cited both the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution.

At the suppression hearing, the State offered testimony from Officer Sieverding, who believed it was Howard who squealed his tires[1] because Howard's car was the only one traveling west on Platt Street immediately after the officer heard the noise. The officer also testified Howard's car "appeared to be going over the posted speed limit" of thirty-five miles per hour. After the

---

[1] While not citing specific code sections, the officer's testimony suggested the tire squealing violated Iowa Code sections 321.277A and 321.313 (2015). Section 321.277A(1) provides: "A person commits careless driving if the person intentionally operates a motor vehicle on a public road or highway in any one of the following ways: 1. Creates or causes unnecessary tire squealing, skidding, or sliding upon acceleration or stopping." Section 321.313 states: "No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

officer's testimony, the court viewed a video and audio recording of the traffic stop.[2] The defense then called Howard and Howard's passenger to the stand. They both testified the driver of the car in front of them at the intersection, not Howard, was responsible for the squealing tires.

In a ruling from the bench, the district court found all three witnesses credible. The court then reasoned:

> But the Court doesn't need to make a credibility determination here to decide this case. Probable cause is a close call here and the officer arguably did not have probable cause to stop this vehicle, but I don't think that the Court necessarily needs to get there. The real question for the Court is whether or not there was reasonable suspicion to stop this vehicle.

The court discussed the case law governing reasonable suspicion for investigatory stops and concluded "based on the stated observations of Officer Sieverding, the fact that they were close in time and place to the investigatory stop based on his own observations that he did, in fact, have reasonable· suspicion to stop this vehicle."

After losing his motion to suppress, Howard stipulated to the minutes of evidence, including expected testimony that Howard's blood alcohol concentration was .113. The court found Howard guilty of operating while intoxicated, first offense, in violation of Iowa Code section 321J.2. He received a thirty-day jail sentence with all but two days suspended. His appeal focuses solely on the suppression ruling.

---

[2] The video shows Officer Sieverding at the driver's window asking Howard: "Did you squeal your tires back there?" Howard responds: "No, sir." When asked who did squeal their tires, Howard blames "the guy in front" of him. But the officer tells Howard he did not see another car driving away from the stop sign "in front of the PD." Later during the encounter, the officer asks Howard: "Do you think that was a wise decision to squeal your tires right by the police department?" Howard responds he didn't remember squealing his tires, but "if I did I'm sorry. I didn't realize it."

Our review is de novo, which means we independently evaluate the entire record under the totality of circumstances. *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). Because the district court had the chance to assess the credibility of the witnesses first hand, we defer to its factual findings, but we are not bound by them. *Id.*

This appeal presents a matrix of possible outcomes. The parties debate the legality of the stop under both the Fourth Amendment and article I, section 8 and whether the officer acted with probable cause or reasonable suspicion. The parties also clash on the question whether the alleged criminal activity was ongoing or completed.[3]

**Probable Cause.** We turn first to the State's argument Officer Sieverding had probable cause to stop Howard for a traffic offense—namely, careless driving or speeding. Probable cause is measured by "the totality of the circumstances as viewed by a reasonable and prudent person" and must lead to the reasonable belief that a crime occurred and the would-be arrestee committed the offense. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* Probable cause would justify a stop under either the Federal or Iowa Constitution. *See Tyler*, 830 N.W.2d at 292.

After independently reviewing the record, we find the facts before the officer did not amount to probable cause to stop Howard's car. The officer may

---

[3] The State contends Howard did not preserve error on his argument that an investigatory stop based solely on reasonable suspicion of a completed misdemeanor is unconstitutional because the position was not fully formed until the defense motion to reconsider. Because we resolve Howard's case without reaching that argument, we need not address the error-preservation question.

have reasonably deduced the offense of careless driving[4] occurred when he heard squealing tires, but the officer's inability to see the intersection from inside the police station left too much doubt surrounding the officer's assumption Howard was the careless driver. The officer testified only a few seconds elapsed between the squealing tires and his observation of Howard driving west on Platt Street, the only car moving that direction. But even if the officer's timing estimate was accurate concerning westbound traffic, he could not rule out the possibility the actual offender headed east, north, or south from the intersection. It was only 8:30 p.m. when the officer saw Howard's car, and the video exhibit shows that while Maquoketa's downtown streets were not jam-packed at that hour, neither were they deserted. Because the officer did not witness the careless-driving violation, the State did not establish probable cause for the stop.[5] *See id.* ("If a traffic violation actually occurred and the officer witnessed it, the State has established probable cause.").

We are likewise leery of the officer's conclusory testimony that Howard's car "appeared to be going over the posted speed limit." The officer did not use radar, nor was he able to keep pace with Howard's car to compare its speed with the squad car. *See State v. Johnson*, No. 14-0833, 2015 WL 1817108, at *2 (Iowa Ct. App. Apr. 22, 2015) ("An officer may use several methods to determine

---

[4] The State does not explain how squealing tires fits the elements of an unsafe start under section 321.313. That section prohibits motorists from moving their cars until they can do so "with reasonable safety." *See Janvrin v. Broe*, 33 N.W.2d 427, 433 (Iowa 1948).

[5] We realize probable cause does not mean "more probable than not" and probable cause may exist even if two or more possible suspects are involved. *See State v. Horton*, 625 N.W.2d 362, 365 (Iowa 2001) (citation omitted). But here, the officer could not meaningfully identify possible suspects because, from his vantage point, he could not see motorists leaving the intersection.

whether a person is driving at an excessive speed."). Unlike the patrol officer in *Johnson*, who testified to his extensive training and experience in visually estimating speed, *see id.*, here the State did not elicit any testimony from Sieverding regarding his credentials in speed estimation. On cross-examination, the officer acknowledged he had not received specific training on how to gauge distances and generate a speed determination. We find this case is more akin to *State v. Petzoldt*, No. 10-0861, 2011 WL 2556961, at *3–4 (Iowa Ct. App. June 29, 2011), where our court found insufficient foundation for the officer's belief the motorist was speeding when the officer did not use radar or pacing and instead based his conclusion on his "years of experience looking at vehicles and the speeds they are going."

**Reasonable Suspicion.** Finding no probable cause for the traffic stop, we shift to the question whether Officer Sieverding had reasonable suspicion to believe Howard was engaging in criminal activity. *See State v. Pals*, 805 N.W.2d 767, 774 (Iowa 2011) (explaining "police may detain persons in the absence of probable cause if the police have reasonable suspicion to believe criminal activity is taking place"). Reasonable suspicion is a less demanding standard than probable cause. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). The State has the burden to show by a preponderance of the evidence the stopping officer possessed specific and articulable facts, which, when taken together with rational inferences from those facts, provided reason to believe criminal activity may have occurred. *Tague*, 676 N.W.2d at 204 ("Mere suspicion, curiosity, or hunch of criminal activity is not enough."). We determine whether reasonable suspicion exists for an investigatory stop in light of the totality of the circumstances

confronting a police officer, including all information available to the officer at the time the decision to stop is made. *State v. Kreps*, 650 N.W.2d 636, 642 (Iowa 2002).

Howard argues Officer Sieverding had "only a hunch"[6] it was Howard who squealed his tires. We agree the officer acted on "unparticularized suspicion" when stopping Howard. *See Terry*, 392 U.S. at 27. Officer Sieverding could not see the source of the squealing tires; he was only aware the noise came from the intersection outside of the police station. The officer hurried to the back door to see a single car driving west from the intersection. The district court concluded the officer had reasonable suspicion because his aural and visual observations were close in time and place to the investigatory stop.

But as discussed in our probable cause analysis, the officer had no information available regarding cars that may have been traveling in the other three directions from the intersection or regarding cars that may have been ahead of Howard's car traveling west. The uncertainty in the situation was too great to justify the arbitrary police intrusion upon Howard's right of privacy. *See Tague*, 676 N.W.2d at 205–06. The possibility Howard was the source of the criminal conduct was not "strong enough that, upon an objective appraisal of the situation, we would be critical of the officer[] had [he] let the event pass without investigation." *See Kreps*, 650 N.W.2d at 642. Because the officer did not have reasonable suspicion to stop Howard's vehicle, all evidence flowing from the stop

---

[6] The term "hunch" appeared in *Terry v. Ohio*, 392 U.S. 1, 27 (1968), where the court contrasted such an "inchoate and unparticularized suspicion" with "specific reasonable inferences" drawn from the facts in light of the officer's experience.

is inadmissible.  We reverse the district court's denial of Howard's motion to suppress and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**