A. W. HIVELY, Administrator of the Estate of John C. Hively, Deceased, v. WEBSTER COUNTY, IOWA, Appellant.

Action for Death of Child: *Excessive verdict reduced.* In an action by an administrator to recovery damages for negligently causing the death of his decedent, an ordinarily bright boy, four years and four months of age, a verdict for $6,000 is excessive, and should be allowed to stand to the extent of $3,000, only.

*Appeal from Wright District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, OCTOBER 24, 1902.

ON the 31st of August, 1898, Mrs. A. W. Hively was on her way with a neighbor (Mrs. Newson) to visit a brother. They sat with their babies in the back seat of a platform spring wagon, while her son Willie, 12 years old, occupied the front seat and drove the team. With him sat John Hively, a child of 4 years. As the horses were passing over the bridge, they noticed some iron tiles, four of which, from 24 to 30 inches in diameter and 10 or 12 feet in length, had been placed by the county at the right side and near the traveled part of the road, about 2 rods west of the bridge. Becoming frightened, the team immediately backed off from the bridge or approach into a deep ravine, where one horse fell on John Hively, causing his death. The plaintiff, as the administrator of the estate of deceased, was allowed damages resulting from his death, and defendant appeals. Conditionally *affirmed.*

*Hackler, Duncombe & Wright* for appellant.

*Maurice O'Conner, A. N. Botsford* and *Healy & Healy* for appellee.

LADD, C. J.—A careful examination of the record has convinced us that but one of the errors assigned demands discussion. The others relate to rulings so manifestly correct or free from prejudice as to require no vindication. The verdict returned was for $8,000. Of this, $2,000 was remitted, and judgment entered for the remainder. The child, when killed was 4 years and 4 months old, healthy and ordinarily bright and active. His father was a farmer, owning 160 acres of land; and there is, of course, some ground for thinking the son would possibly have followed the same vocation. His habits were unformed, and his probable ability to earn money a matter of conjecture. His expectancy of life was 50.76 years, or 34 years after attaining majority. The measure of damages in such a case is the present worth of decedent's life to his estate (*Wheelan v. Railway Co.*, 85 Iowa, 167); and as nothing would have accrued thereto before he reached the age of 21 years the estimate was made nearly 17 years before the estate would have derived any advantage from his life. Recovery ought not, then, to exceed the present worth of the damages which would be allowed for the wrongful death of a person of similar prospects in life at majority. Some help in fixing the proper amount of the damages which should be allowed may be gained from examining authorities determining whether verdicts for the death of adults were excessive. In *Rose v. Railroad Co.*, 39 Iowa, 246, a verdict of $10,000 for the wrongful killing of a passenger 24 years old, whose expectancy was 38 years, and net earnings $263 per annum, was held excessive, and the judgment affirmed on condition that all above $5,000 be remitted. In *Hass v. Railway Co.*, 90 Iowa, 259, the deceased

was a fireman earning $2.20 per day, and had an expect-
ancy of over 40 years, and an award of $8,000 damages for
causing his death was upheld.    In *Locke v. Railroad Co.*,
46 Iowa, 109, a verdict of $7,000 for the death of a con-
ductor receiving $75 per month, with an expense of $35,
and an expectancy of 36 years, was held not excessive.    In
*Moore v. Railway Co.*, 89 Iowa, 223, $600 was allowed for
the death of a man 71 years of age.    The same ruling was
made in *Lowe v. Railway Co.*, 89 Iowa, 420 where a brake-
man of 25 years, earning $55 per month, was killed, and
the verdict was $5,000.    In *Walter v. Railroad Co.*, 39
Iowa, 33, deceased was between 57 and 65 years of age,
and had some property.    A verdict of $4,500 was upheld.
In *Berry v. Railway Co.*, 40 Iowa, 564, deceased was a
foreman of car repairers, receiving $2.50 per day.    He
was 32 years old, and had an expectancy of 33 years.    A
verdict of $5,000 was held not to be excessive.    In *Cooper
v. Mills County*, 69 Iowa, 350, action was brought by the
injured party before death, and therefore damages were
included for pain and suffering.    In no case has a verdict
of more than $8,000 been sustained.    In several of the
states $5,000 is fixed by statute as the maximum of recov-
ery for causing the death of a human being, but the stat-
utes authorizing such actions differ so widely that little aid
can be had from examining authorities elsewhere.    See
cases collected in 8 Am. & Eng. Enc. Law, 933.    Larger
sums are allowed persons who have been permanently in-
jured, because of the consideration of other elements, such
as pain and suffering, in measuring the damages.    These
are not to be taken account of in an action begun by the
administrator.    *Dwyer v. Railway Co.*, 84 Iowa, 479.
Compensation for the life that is lost is impossible, and
the law will not undertake to estimate the sorrow occa-
sioned by the untimely death.    Merely compensation for
the pecuniary loss to the estate is the only remedy avail-
able in the courts.    In each of the cases cited the earning

capacity of the persons killed was shown, but in this we are left to deal entirely with the uncertainties, though possibilities, of life. It is fair to assume, however, that this boy would have developed into an average man, and that he would have earned an average net income. What that would have been, so remote in the future, is difficult of ascertainment. Under the circumstances as disclosed, we think that the damages should not be fixed at a sum exceeding $3,000. This would be equivalent to $6,000 at majority, without compounding interest; affording, in addition to the principal, a net annual income of $360, computing interest at the statutory rate of 6 per cent. per annum. It may well be doubted whether the accumulations of the average person, independent of inheritance, etc, will equal that sum. Even this estimate rests largely on conjecture and the probabilities of an unfathomed future. Rein is not to be given to the imagination in such cases, and account taken, as suggested by appellee, of the possibility that deceased would have married, and absorbed into his estate the earnings of wife and a numerous progeny of children. Both the probability of the future marriage of a minor of tender years, and of the financial benefit to be derived therefrom, is mere speculation. Even if these were probable, other distributees than those now interested might take their estate. Family and social relations likely to be formed in the future are contingencies too remote and conjectural to be taken into account as elements in estimating the amount of damages to be allowed. *Tennessee C. I. & R. Co. v. Herndon*, 100 Ala. 451 (14 South. Rep. 287); *Seaman v. Trust Co.*, 15 Wis 578. In *Louisville N. A. & C. Ry. Co. v. Wright*, 134 Ind. 509 (34 N. E. Rep. 314), the court held that no presumption would be indulged against future marriage. See, also, *Burk v. Railroad Co.*, 125 Cal. 364 (57 Pac. Rep. 1065, 73 Am. St. Rep. 52). Evidence that an injured party was in the line of promotion was rejected in *Chase v. Railway Co.*, 76 Iowa,

675; *Brown v. Railway Co.*, 64 Iowa, 652. All held in *Walters v. Railway Co.*, 41 Iowa, 71, was that substantial damages might be allowed. No claim was made that the verdict was excessive, save in that more than nominal damages were included. In *Eginoire v. Union County* 112 Iowa, 558, the child for whose death damages were allowed was eight years old, and hence with a greater expectancy; exceptionally bright for her years. Judgment for $2,500 was upheld. What was there said sufficiently answers the contention that a wider difference should be recognized as existing between the earning capacities of the sexes.

If plaintiff shall file a remittitur of all in excess of $3,000, and interest thereon, within 30 days from the filing of this opinion, the judgment will stand affirmed; otherwise it will be REVERSED.

WEAVER, J., took no part.