MARY MILLER, Appellant, v. FAYE LOWE, Appellee.

No. 42295.

JUNE 21, 1935.

Welty, Soper & Welty and Korf & Korf, for appellant.

Cross & Hamill, for appellee.

ALBERT, J.—█ █ █  From the record in this case the jury could have found the following facts:

About 2 o'clock in the afternoon of the 18th day of September, 1932, the plaintiff with her husband and three children, was traveling north on highway No. 64. Her husband was driving the car. The accident occurred at a point where an east and west highway crosses highway No. 64, on the line between Jasper and Story counties. At a point some 70 or 80 rods south of this intersection, the defendant, who was driving her own car, turned to the left and passed the car in which the plaintiff was riding, and then turned back to the right side of the road and proceeded ahead of the car in which plaintiff was riding. As they approached the intersection the defendant turned her car to the

left side of the road and continued in a northerly direction, thus leaving the right-hand side of the road free for the passage of the car in which the plaintiff was riding. As these two cars entered the intersection and were about halfway across the same, the defendant "whipped" her car to the east and plaintiff's driver turned his car (or swerved) also to the east, and thus a collision of the cars was avoided. At the northeast corner of the intersection was a ridge of loose gravel. The car in which plaintiff was riding struck this ridge of gravel, and rolled over, and plaintiff received the injuries of which she complains. In addition to this, when near or at the intersection, defendant's car having been turned to the left side of the road, plaintiff believed, from the conduct of the driver of defendant's car, that she intended to turn to go west on the intersecting road. When the cars were at or near the intersection, the driver of the car in which plaintiff was riding sounded his horn. The defendant gave no signals, signs, nor indication whatever of an intention to turn to the right (the east). The cars did not come in contact with each other, but defendant's car just missed the rear of the car in which plaintiff was riding.

On this set of facts the court sustained a motion to direct a verdict for the defendant, the two principal grounds of which were, first, that there was not sufficient evidence of negligence on the part of the defendant to take the case to the jury; and, second, that the plaintiff had not shown herself free from contributory negligence.

Section 5032 of the Code of 1931, provides that:

"The operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety * * *."

As we understand this section, a duty was placed upon the defendant to determine the question of whether or not she could in safety turn her car to the right (the east). This term "in safety" as used in this section, we understand to mean the safety of all persons concerned; in other words, it is not intended to be limited alone to the safety of the party who is driving the offending car, but is intended also to cover the safety of all other people on the road. While, as a matter of fact, these two cars did not touch each other, there was a duty upon the defendant in changing the direction of her car to be reasonably

certain that she could do it so as not to imperil the other car. Whether or not the defendant observed this requirement of the statute, under the record in this case, was a question for the jury and not for the court.

We had something of a similar situation in the case of Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735, where a plaintiff, in order to avoid a collision, turned his car into the ditch beside the road. We there held that the plaintiff could recover. We reach the conclusion, therefore, that the question of whether or not the aforesaid statute was duly observed by the defendant, under the fact situation in this case, was a jury question.

In the aforesaid Schuster case we settled the other proposition of contributory negligence in the following words:

"He [the plaintiff] was a passenger in one of the cars involved in the accident. The evidence discloses no act on his part which contributed in any manner to cause the accident. The situation in which he found himself was not such that a failure to do some particular thing would be contributory negligence as a matter of law. We reach the conclusion that the court properly submitted questions of negligence on the part of the defendant and contributory negligence on the part of plaintiff to the jury."

The rule announced in that case is controlling in the case before us.

The defendant, however, invokes the rule, many times pronounced by this court, commonly known as the "physical fact" rule. We have read the record for an application of this rule and find that same is not of aid to the defendant in the fact situation in this case. It seems to us, in addition to this, that when the defendant entered the intersection, knowing the condition of plaintiff's car and intending to turn to that side of the road occupied by plaintiff's car, she should, by sign, signal, or some other method, have given some indication of her intention to turn to that side of the road, and that a failure so to do might be found by the jury to be negligence.

We find that the court erred in sustaining this motion for a directed verdict.—Reversed.

ANDERSON, C. J., and DONEGAN, MITCHELL, KINTZINGER, PARSONS, and HAMILTON, JJ., concur.