GRACE HARMON, Appellee, v. HARRY GILLIGAN, Appellant.

No. 43177.

APRIL 7, 1936.

Kimball, Peterson, Smith & Peterson, and G. C. Wyland, for appellant.

Cook & Cook, and Frank P. Brennan, for appellee.

ALBERT, J.—The defendant raises two questions: (1) that the plaintiff was guilty of contributory negligence as a matter of law; and (2) that certain evidence offered by the plaintiff and admitted on the trial was erroneous.

■■■ From the evidence in the case the jury could have found the following facts:

The plaintiff left her home on the north side of highway No. 34 (which runs east and west), on the 2d day of March, 1934. She was driving a Plymouth coach. From her place of residence, toward the west, the road is down grade for some 60 rods. She was traveling on her own side of the road, and at a point some 60 rods west of her residence she was turning north onto an intersecting road. This north and south road did not extend south of highway No. 34. As she was thus traveling, she was followed by the defendant's truck. When she reached a point about 150 feet from where the north and south road intersected highway No. 34, she knew that the defendant's truck was following her and she extended her arm from the driver's side of the car. She says: "I held my hand straight up at the side of the car, and did so until I got ready to turn the corner, when I put both hands on the wheel." The pavement on highway No. 34 has two black lines in the center, and plaintiff testifies that she at no time drove her car to the south of such black lines. As she went down the hill she observed the truck in her rear-vision mirror. She heard no signal of any kind from the truck, and there were no cars on either highway except the plaintiff's car and the truck. Just after she had turned her car on to the north road it was struck by the defendant's truck, and the rear wheels of her car at the time it was struck were about 6 feet north of the pavement on highway No. 34. The driver of defendant's truck, at a point some 35 feet east of the intersection, swung his truck off the pavement onto the shoulder at the north side thereof and continued thereon until the truck struck the car of the plaintiff. The north and south road was not a paved road.

■■■ Under these circumstances, the defendant says that the plaintiff was guilty of contributory negligence as a matter of law. Primarily this objection is not good, because, under the testimony introduced by the plaintiff, there was a case for the jury; but it is insisted that the general rule would not apply because of section 5032 of the Code of 1931, which reads as follows:

"The operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety and shall give a visible or audible signal * * * to the drivers of vehicles following, of his intention to make such a movement, by raising and extending the hand or by a proper signal or device indicating with it the direction in which he wishes to turn."

It will be noted that under this section the requirement is that the driver shall give a visible or audible signal to the drivers of vehicles following of his intention to make such movement by "raising and extending the hand." It will be noted that this section of the statute is not very clear in its phrasing. In other words, one who, driving a car, raises and extends his hand, has complied with the statute so far as its wording is concerned. Therefore one who complies with the literal wording of this statute signifies to a following car that there is to be a change in the condition then existing; that is, that the driver intends stopping, turning, or changing the course of his vehicle. Therefore, when the plaintiff raised and extended her hand, it was a notice to the driver of the truck that she intended to turn or change the course of her vehicle; and he was bound to take notice thereof and have his vehicle under such control as an ordinarily prudent person would have it, and to exercise the care of an ordinarily prudent person in meeting such a situation when brought about by the driver of the car ahead. The defendant testifies that plaintiff did raise and extend her hand, and he admits that he saw her hand raised and extended, but insists that her arm was extended out of the car and parallel with the pavement, which he interpreted to mean that she was going to turn to the left. This is a disputed question of fact in the case, and was for the jury.

In the case of Albrecht v. Waterloo Construction Co., 218 Iowa 1205, 1208, 257 N. W. 183, 184, with reference to this section of the statute, we said:

"The purpose of this statute is to require the driver of a forward car to give a signal of his purpose to stop [or turn], so that the driver of a following car may gauge his speed accordingly."

In the case of Isaacs v. Bruce, 218 Iowa 759, 764, 254 N. W. 57, 59, with reference to this same statute, we said:

"Obviously the statute under consideration relating to the duty of the driver of the forward car to signal his intention to stop was enacted for the purpose of protecting the approaching driver who, first having seen the forward car, adjusted the speed of, or otherwise regulated, his own car accordingly. A driver of the car behind who has thus adjusted the speed of, or otherwise regulated, his own car to the speed of the forward car might be trapped into a dangerous situation if the driver of the forward car, without signaling his intention of so doing, should suddenly bring his car to a stop. It is to avoid an emergency that might thus arise that the statute requires the driver of the forward car to signal to the driver of the oncoming car that there is to be a stop."

It is further insisted that under this section there was a duty on the plaintiff to see that there was sufficient space to make such movement in safety. Under this phrase of the statute, a duty is put upon the plaintiff, and, as the driver of her car, to comply with this provision of the statute she must be reasonably certain that she can make such turn in safety; and, if she acted as a reasonably prudent person in believing that she could make this turn, she has complied with this provision of the statute. We have so expressed ourselves in the case of Miller v. Lowe, 220 Iowa 105, 261 N. W. 822. Under the evidence in the case this was a question for the jury.

One other question is raised on the admission of certain testimony. The plaintiff introduced a witness of whom inquiry was made as to his familiarity with the custom of drivers of Iowa and surrounding territory as to signaling the intention to make a turn or stop. He testified that: "A lot of them

(drivers of cars) don't do anything, and whenever they use signals, the left with your hand out, up the right, and down stop. Most of the cars have stop lights on them, and most people generally use that type of car, but I always use the other, too."

Passing the question of whether or not this testimony was admissible in the first instance, the strength and effect of it is practically obliterated by the explanation made by the witness, and we do not think, therefore, that the same was prejudicial error sufficient on which to base a reversal.

Having reached this conclusion, we think the ruling of the district court was right, and it is affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, MITCHELL, KINTZINGER, PARSONS, STIGER, HAMILTON, and RICHARDS, JJ., concur.