Nos. 34,840 and 34,905

The State of Kansas, *Appellant*, v. Claude Davidson, *Appellee.*

(105 P. 2d 876)

Opinion filed October 5, 1940.

*Jay S. Parker,* attorney general, *A. B. Mitchell,* assistant attorney general, and *Guy E. Ward,* county attorney, for the appellant.

*Donald Stanley,* of Mankato, for the appellee.

The opinion of the court was delivered by

Allen, J.: On this appeal we are called upon to construe two sections of the automobile traffic code.

Our statute, G. S. 1939 Supp., 8-544, provides:

"The driver of a vehicle intending to turn at an intersection shall do so as follows: (*a*) Both the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway. . . ."

Violation of the provisions of this section is a misdemeanor. (See G. S. 1939 Supp. 8-503, 8-5,125.)

The defendant was charged with the violation of clause (*a*) of section 8-544. The case was tried to a jury. At the close of testimony on the part of the state, the defendant moved to quash the information on the ground the information did not charge a public offense, and that section 8-544 is unconstitutional and void. Defendants also moved the court to direct a verdict in favor of defendant. The motions were sustained and the court directed the jury to return a verdict of not guilty.

The appeal in case No. 34,840 is by the state from the judgment and rulings so made.

The other section involved in the appeal is G. S. 1939 Supp. 8-531, which provides:

"(a) Any person who drives any vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving. (b) Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than five days nor more than ninety days, or by fine of not less than $25 nor more than $500, or by both such fine and imprisonment, and on second or subsequent conviction shall be punished by imprisonment for not less than ten days nor more than six months, or by a fine of not less than $50 nor more than $500, or by both such fine and imprisonment."

The amended information charged the defendant with the violation of the provisions of this section. The defendant filed a motion to quash the information on the ground "that the statute is unconstitutional and void, being violative of section 10 of the bill of rights of the constitution of Kansas, for the reason that said information is duplicitous, and, finally, that it fails to state facts sufficient to charge the defendant with the commission of a public offense."

The appeal in case No. 34,905 is by the state from the order and judgment of the trial court in sustaining this motion.

Section 10 of the bill of rights provides that in all prosecutions the accused shall be allowed "to demand the nature and cause of the accusation against him."

Defendant contends the statutes above quoted are so vague, indefinite and uncertain as to be void under the constitutional provision; that the statutes contain no ascertainable standard of guilt, and that it cannot be determined with any degree of certainty what constitutes a violation of the acts.

Defendant cites and relies upon *State v. Satterlee,* 110 Kan. 84, 202 Pac. 636; *State v. Blaser,* 138 Kan. 447, 26 P. 2d 593; *United States v. Cohen Grocery Co.,* 255 U. S. 81, 65 L. Ed. 516, 41 S. Ct. 298; *Connally v. General Const. Co.,* 269 U. S. 385, 70 L. Ed. 322, 46 S. Ct. 126; *Carter v. State,* 12 Ga. App. 430, 78 S. E. 205.

In *State v. Rogers,* 142 Kan. 841, 52 P. 2d 1185, the question as to when an act of the legislature should be held void for uncertainty under section 10 of the bill of rights was carefully considered by this court. In the more recent case of *State v. Carr,* 151 Kan. 36, 98 P. 2d 393, the authorities were again reviewed, and it was there held that "The general rule is that a criminal statute which forbids the doing of an act in terms so vague that men of common intelligence must guess at its meaning and differ as to its application is

not good." As we adhere to all that was said .in these cases, it is unnecessary to again survey the same ground.

In creating an offense which was not a crime at common law, a statute must, of course, be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty. But reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent in view of the evil to be corrected. (16 C. J. [Criminal Law, § 28], p. 67.)

In 1937 the legislature adopted a comprehensive code relating to automobiles and motor vehicles. Article 5 of the code is entitled: "Uniform Act Regulating Traffic on Highways." With minor variations it was the uniform act recommended by the national conference of commissioners on uniform state laws and the American Bar Association. (See headnote to article 5.) An examination of the text reveals an accurate knowledge of the traffic problems on our modern highways, and careful craftsmanship in the formulation of rules to regulate such traffic. Manifestly, safety of persons using the highways of the state was the primary concern of the legislature. Subject to the safety of the traveling public the movement of vehicles and the flow of traffic was to be as free as possible.

Under section 8-544 "The driver of a vehicle intending to turn at an intersection shall do so as follows: (a) Both the approach for a right turn and a right turn shall be made as close as practical to the right-hand curb or edge of the roadway."

Section 8-501 contains the following definitions:

"*Driver*. Every person who drives or is in actual physical control of a vehicle."

"*Vehicle*. Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks."

"*Intersection*. The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways, which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

"*Roadway*. The portion of a highway improved, designed, or ordinarily used for vehicular travel."

"*Sidewalk*. That portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians."

It is a matter of common knowledge that the driver of a motor vehicle, intending to make a right-hand turn at an intersection, will, for the protection of himself and for others, keep as close as practical to the right-hand curb or edge of the roadway. The standard of conduct imposed by the statute is that of a reasonable man under like circumstances. The definitions define the terms of the statute in meticulous detail. We are unable to say that men of ordinary intelligence must guess at its meaning or differ as to its application.

All that has been said as to section 8-544 applies with equal force to section 8-531. We hold the statutes to be valid and enforceable.

The sufficiency of the informations is questioned. The information in appeal No. 34,905, based on section 8-531, omitting caption, reads:

"That on or about the 13th day of July, 1939, in the county of Republic and state of Kansas, one Claude Davidson, then and there being, did then and there unlawfully and intentionally drive a 1929 Chevrolet coach, motor No. 253770, in such a manner as to indicate a wanton and willful disregard for the safety of persons and property, in that while said defendant was driving on an east-and-west township road, approximately four miles north of Courtland, Kansas, he made the approach for a right-hand turn and turned onto county highway No. 765 by leaving the right side of the traveled portion of such county highway and entering the left portion thereof, and collided with a Chevrolet car driven and owned by Melvin Jeorg, which was rightfully being driven on its right-hand side of the traveled portion of such county highway, thereby injuring such car, its driver and the occupants, all of which was done in such a manner as to indicate a willful and wanton disregard of the rights of persons and property, and was contrary to the form of the statute of the Laws of 1937, 8-531, in such cases made and provided and against the peace and dignity of the state of Kansas."

We think this information is sufficient. The information based on section 8-544 follows the statute, but does not use the word "intersection." It does, however, use other words conveying the same meaning, and under our statutes G. S. 1935, 62-1009 and 62-1010 cannot be said to be fatally defective.

The judgment in case No. 34,905 is reversed and remanded with directions to overrule the motion to quash. The judgment in case No. 34,840 is reversed and remanded for further proceedings in harmony with this opinion.