JAMES ANGELL, by A. W. ANGELL, his father and next friend, Appellee, v. FRED D. HUTCHCROFT, Appellant, and A. W. ANGELL, Appellee.

No. 45825.

1058

J. O. Watson, Jr., and Putnam, Putnam, Fillmore & Putnam, for appellant.

S. E. Prall, Dwight Prall, and R. Kent Martin, for appellee.

OLIVER, J.—This action grows out of a collision between two automobiles. James Angell, a minor, brought suit against Fred D. Hutchcroft for damages on account of (1) personal injuries to James, and (2) damages to the automobile driven by James and owned by A. W. Angell, claim for which had been assigned to James. Mr. Hutchcroft counterclaimed against James and cross-petitioned against A. W. Angell (1) for injuries to Mr. Hutchcroft and damages to his automobile, and (2) for injuries to Mrs. Hutchcroft, claim for which had been assigned to Mr. Hutchcroft. Trial to a jury resulted in a verdict and judgment against Mr. Hutchcroft, and he appeals.

I. Instruction 8 charges that if "under the evidence and these instructions and after a consideration of the whole case," the jury finds plaintiff entitled to recover, it should allow: (a) for medical assistance such sum as shown by the evidence to have been reasonably necessary but not to exceed $21, (b) for pain and suffering "such sum as in your judgment will fairly and reasonably compensate him * * * for his injuries in these particulars" but not to exceed $3,500, that such damages "are not capable of direct proof as to the value thereof in dollars and cents, but is left to the sound discretion of the jury" etc., (c) on the assigned claim for damages to the automobile "such sum as you may find to be fairly and reasonably necessary to place plaintiff's car in the same condition after the accident that it was prior thereto, but in no event shall this item of

damages exceed the sum of $286.76'', and (d) that in no event should the sum total of damages exceed $3,807.76.

Plaintiff's petition claimed $21 for medical expense, $286.76 for damages to the automobile, and $3,500 for pain and suffering. It prayed judgment for $3,807.76. The verdict was for $807.76.

No witness testified for either side relative to the amount of the doctor's bill and repair bill, but it was stipulated the doctor, if called, would testify that $21 was the fair and reasonable value of his services rendered to appellee, and the garage man, who repaired the Angell car, if called, would testify that the amount necessary for repairs was $286.76, and that this was the fair and reasonable value of the various items.

Appellant predicates error upon said instruction 8. The complaint is that as to the items of damages for pain and suffering and automobile repairs in the clauses which we have marked (b) and (c), the court omitted to require the jury to base its allowance of damage upon the evidence.

It is true that said clauses (b) and (c) do not contain the words "as shown by the evidence." However, the court charged the jury, in instruction 1:

"You are to try and to determine this case according to the evidence produced and submitted to you in open court * * *."

And in instruction 2 the jury was told:

"You are to determine from the evidence what the facts in the case are."

Instruction 5 contains the following:

"Before plaintiff will be entitled to a recovery against the defendant in this action, it is necessary for the plaintiff to establish by a preponderance of the evidence each of the following propositions: * * *

"4. That the plaintiff was injured *and the extent thereof*. [Italics supplied.]

"If you find under the evidence and these instructions that plaintiff has, by a fair preponderance of the evidence, established each and all of the foregoing propositions, then you should return your verdict for the plaintiff."

It is apparent from the context that the word "injured" in the above subdivision 4 was used in the sense of "damaged".

That instructions should be read and considered together is too well settled to require extended citation. Danner v. Cooper, 215 Iowa 1354, 246 N. W. 223. As thus considered, we conclude the instructions did sufficiently charge the jury to base upon the evidence its allowance of damage for the items in question.

Moreover, we think the record in the case at bar affirmatively discloses the absence of prejudice. The amount of damage to the Angell automobile was shown by stipulated testimony which was undisputed and which contained only one figure, to wit, $286.76, the identical amount claimed in the petition. The other assailed portion of the instruction concerned damages for pain and suffering, which are not susceptible of exact proof in dollars and cents. Danner v. Cooper, supra. The amount of the verdict, $807.76, clearly demonstrates that the jury awarded appellee the exact and only amounts alleged and proved for doctor bills and automobile repairs, to wit, $21 and $286.76, together with a lump sum of $500 for pain and suffering. Remer v. Takin Bros., 227 Iowa 903, 913, 289 N. W. 477, 482. There was evidence of considerable pain and suffering. The $500 allowed therefor was less than the amount claimed in the petition. Therefore, the record affirmatively shows that each portion of the $807.76 damage allowed by the jury was based upon the evidence. Under the circumstances there could have been no prejudicial error in the instruction. Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569.

We need not determine whether or not instruction 8, if considered alone, would have constituted reversible error. Upon this point see Stanley v. Cedar Rapids & M. C. Ry. Co., 119 Iowa 526, 536, 93 N. W. 489, 493; Balik v. Flacker, 212 Iowa 1381, 238 N. W. 467; Smith v. Standard Oil Co., 218 Iowa 709, 255 N. W. 674; Wosoba v. Kenyon, supra.

II. Instruction 12 had reference to appellant's counterclaim and cross-petition and dealt with a specification of negligence therein, which stated that the cause of the collision was the violation by appellee, James Angell, of a provision of section 5023.01, Code of 1939, frequently called the assured-clear-distance-ahead

rule. The accident occurred at nighttime upon a country highway, surfaced with gravel. The cars were traveling in opposite directions toward a "T" intersection into which appellant was turning, or preparing to turn, to his left.

After charging the jury that the violation of the assured-clear-distance rule by appellee would be negligence, and, if such violation was the proximate cause of the accident and appellant was free from contributory negligence, appellant would be entitled to a recovery, the instruction continued:

"* * * the law gives a person driving an automobile the right to assume that all persons using said highway will observe the law; and if you find * * * the defendant * * * failed to obey the law which requires that the driver of a vehicle within an intersection intending to turn left shall yield the right of way to any vehicle approaching from the opposite direction that is within the intersection or so close thereto as to constitute an immediate hazard, then the assured clear distance ahead rule as explained to you in this instruction would not be applicable, and defendant would not be entitled to a recovery as against the plaintiff on this item of negligence."

Appellant assails the statement that under the aforesaid circumstances the assured-clear-distance-ahead rule *would not be applicable*. Appellee asserts the language referred to legal excuse for violation of the assured-clear-distance rule, and therefore was proper. Although we do not approve the form of this part of the instruction, we conclude it dealt with legal excuse and did not constitute reversible error. Schroeder v. Kindschuh, 229 Iowa 590, 593, 294 N. W. 784, 786, contains the following language:

"* * * the rule is not applicable where the circumstances are such as to present a legal excuse for violating the statute or diverting circumstances from which the jury would be warranted in holding that the statute was not applicable."

Appellee also contends that the verdict of the jury in the main case was necessarily based upon a finding that appellant was proximately negligent and that appellee was not guilty of contributory negligence, and therefore any error in the in-

structions on the counterclaim would be without prejudice to appellant. The conclusion heretofore reached renders unnecessary the consideration of this proposition. Perhaps it should also be said that nothing herein contained is intended to modify the doctrine of Jordan v. Schantz, 220 Iowa 1251, 264 N. W. 259, or later cases dealing with the question of the applicability of the assured-clear-distance-ahead rule to motor vehicles approaching from opposite directions.

Wherefore, the judgment is affirmed.—Affirmed.

BLISS, C. J., and GARFIELD, HALE, SAGER, and MITCHELL, JJ., concur.