FRIEDA ANDERSON, Administratrix, Appellee, v. EMMA W. STRACK, Appellant.

No. 46644.

MARCH 6, 1945.

Paul W. Steward, of Des Moines, and Graham & Graham, of Jefferson, for appellant.

William C. Hanson and R. G. Howard, both of Jefferson, for appellee.

OLIVER, J.—September 28, 1943, Harold F. Bauman was driving a moving van west on U. S. Highway No. 30 in Greene County, Iowa. The paved slab was eighteen feet wide, was straight, and was practically level. The day was clear. The cab of the van was occupied by members of the Bauman family,

including Barbara Jean Bauman, aged six years. Several hundred feet ahead of the Bauman van an automobile owned and operated by defendant, Emma W. Strack, was also proceeding west on said highway, en route to a cemetery a few hundred feet to the west and on the north side of the highway. Each driver was aware of the presence of the other vehicle. On the south side of the highway, opposite the cemetery, was a farmhouse and yard. The driveway from the cemetery was paved, was thirty-one and one-half feet wide at the place where it intersected the pavement on Highway 30, and narrowed to a width of eight feet at the cemetery gate. A short distance to the west was a driveway to the farmyard on the south. During the time her automobile was traveling the last three hundred feet to the intersection of the cemetery driveway defendant, Strack, continuously extended her hand and arm from the left of her automobile.

Although the evidence was in conflict the jury could have found her hand and arm were extended horizontally, thus signaling her intention to turn to the left; that she also turned her automobile from the right lane of the pavement to the left or south lane of the pavement; that the van continued to travel on the north lane; that when the automobile reached a place opposite the cemetery entrance defendant, without warning signal, turned the same abruptly to the right across the north lane of travel and immediately in front of the van, which was traveling thereon at a speed of about fifteen miles per hour; that, although the brakes of the van were immediately applied, it could not be stopped, struck the side of defendant's automobile and went into the ditch at the north side of the pavement. Barbara Jean was thrown from the cab and received injuries which caused her death.

This action, brought by the administratrix of the estate of Barbara Jean Bauman, is in three counts. Count 1 is for the damage to said estate from Barbara Jean's death. Count 2 is for damage to Mr. Bauman for loss of her services during minority and for expenses incurred by him for her hospital bills and nurses' and physicians' services. Count 3 is for damage to the moving van. The claims upon which counts 2 and 3 were based had been assigned by Mr. Bauman to plaintiff. Trial to a

4

jury resulted in judgment for plaintiff and this appeal by defendant.

I. Appellant contends the evidence fails to show any negligence on her part which proximately caused the accident and damage and that the court should have sustained her motion for directed verdict. We think the evidence was sufficient to warrant submitting this question to the jury.

Section 5025.04, Code of Iowa, 1939, provides in part that no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal, if any other vehicle may be affected by such movement. Under Code sections 5025.07 and 5025.08, the hand and arm extended horizontally is interpreted as a signal for a left turn and the hand and arm extended upward as a signal for a right turn. There was substantial evidence that appellant failed to comply with the foregoing statutes.

Under a record somewhat similar to this, we held, in Miller v. Lowe, 220 Iowa 105, 261 N. W. 822, that the question of defendant's negligence in failing to comply with the requirements of the statute then in effect was for the jury. This holding was followed in Harmon v. Gilligan, 221 Iowa 605, 266 N. W. 288. Harrington v. Fortman, 233 Iowa 92, 8 N. W. 2d 713, also involved a similar factual situation and the consideration of various Code sections, including 5025.07 and 5025.08. We there held evidence of defendant's failure to give proper signals required the submission of the case to the jury under appropriate instructions.

There was also evidence that appellant made the approach to the right turn into the cemetery driveway from the left side of the pavement. Code section 5025.01 provides that both the approach for a right turn and a right turn of a vehicle at an intersection shall be made as close as practical to the right-hand curb or edge of the roadway. We are unable to determine from the record that the driveway to the cemetery was of such character as to make this provision applicable and will assume it was not applicable.

However, the driver of a vehicle is required to exercise reasonable care at all times. If reasonable care requires that such

vehicle make the approach for a right turn into a private drive-way as close as practical to the right edge of the roadway, the approach should be thus made, irrespective of the question of the applicability of the statute regulating turning at intersections. See Kemmish v. McCoid, 193 Iowa 958, 962, 185 N. W. 628; Withey v. Fowler Co., 164 Iowa 377, 392, 145 N. W. 923. State v. Davidson, 152 Kan. 460, 463, 105 P. 2d 876, 878, points out that safety of persons using the highways was the primary concern of the legislature in adopting the Uniform Act Regu-lating Traffic on Highways, and states:

"It is a matter of common knowledge that the driver of a motor vehicle, intending to make a right-hand turn at an inter-section, will, for the protection of himself and for others, keep as close as practical to the right-hand curb or edge of the road-way. The standard of conduct imposed by the statute is that of a reasonable man under like circumstances."

So, in the case at bar, whether appellant drove her automobile on the left side of the pavement in making the approach for a right turn into the cemetery driveway, and whether, under the circumstances shown in the record, such operation was negligent, were questions for the jury.

II. What we have just stated disposes of appellant's additional contention that appellant had the right to drive on any part of the rural highway when not meeting, passing, or being passed by others, and that the court should have given a requested instruction that she would not be negligent if she drove on the left side. The court did instruct, in substance, that no negligence would be attributable to appellant "from the mere fact standing alone" that she drove in the left lane, but added that whether she was negligent in thus making the approach for a right turn into the cemetery entrance, under the circumstances shown in the record, if the evidence showed she did drive in the left lane, was a question to be determined by the jury, the test being whether she exercised ordinary care. The instruction given was correct.

III. Appellant contends also that her motion for directed verdict should have been sustained as to count 1 upon the ground that Mr. Bauman's negligence was the sole proximate

cause of the accident, and as to counts 2 and 3 that Bauman was guilty of contributory negligence. Reliance is placed upon Code sections 5023.01, 5023.04, and 5024.11, which require the operator of a motor vehicle to have the same under control, forbid driving a vehicle at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead, etc., and prohibit the driver of a motor vehicle from following another vehicle more closely than is reasonable and prudent. The argument is that the failure of the driver of the van to avoid colliding with the side of appellant's automobile conclusively shows that Bauman failed to comply with these statutory requirements and that such failure caused or contributed to the collision.

We are unable to agree with appellant's contention. In addition to the evidence indicating that appellant failed to signal her intention to make a right turn and abruptly turned her automobile into the path of the van, there was evidence that she had signaled her intention to make a left turn and had turned her automobile to the left side of the pavement so that Bauman was led to believe she intended to drive her automobile off the left side of the pavement.

Whether or not Bauman was guilty of negligence which caused or contributed to the accident was a question for the jury. We recently so held, in Burbridge v. Briggs, 235 Iowa 12, 15 N. W. 2d 909, an analogous case in which the record appears to have been less favorable to the plaintiff than in the case at bar. There is a like holding, under similar facts, in Harrington v. Fortman, supra, 233 Iowa 92, 102, 8 N. W. 2d 713. See, also, Angell v. Hutchcroft, 231 Iowa 1057, 1061, 3 N. W. 2d 147; Schroeder v. Kindschuh, 229 Iowa 590, 593, 294 N. W. 784.

IV. Instruction 14 involved Code section 5024.11, which provides:

"Following too closely. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Appellant complains of one sentence in this instruction which she interprets as stating, in effect, that the statute did not

apply if the driver of the moving van, as a reasonably prudent person, thought she was making, or was about to make, a left turn. In Angell v. Hutchcroft, supra, 231 Iowa 1057, 1061, 3 N. W. 2d 147, 149, we did not approve the form of a statement that a statute " 'would not be applicable,' " but held it was not reversible error. However, there was no such language in the instruction in the case at bar.

The part of the instruction assailed qualified a previous statement therein concerning the duty of Bauman to exercise reasonable care to avoid the contingencies of decreasing speed, turning or stopping, and stated that he would not be negligent in this respect if it appeared to him, as a reasonably careful and prudent person, in the exercise of ordinary care, that appellant was making, or was about to make, a left turn. It will be remembered there was evidence that appellant had been signaling a left turn and was driving in the left lane. Code section 5024.06 provides a vehicle may overtake and pass upon the right of another vehicle which is making, or is about to make, a left turn. Although Bauman did not intend to pass the automobile until it left the pavement, we think the criticized portion of the instruction was not erroneous under the factual situation in evidence.

V. The trial court submitted seven specifications of negligence to the jury. Appellant asserts these set out only three separate charges of negligence and that the effect of the form of the instruction was to overemphasize each charge. Although some of the specifications of negligence might well have been consolidated, we find no serious error at this point. The various alleged acts of negligence were so interrelated that some overlapping was unavoidable.

VI. Error is assigned to an order striking testimony relating to a conversation prior to the collision, between appellant and her sister, who was riding in appellant's automobile. It is unnecessary to consider the propriety of this order. The stricken conversation was to the effect that appellant started her arm signal a considerable distance from the cemetery and that the truck was then traveling faster than the automobile and was seen approaching the automobile from the rear. All these matters were established without dispute by the evidence of

witnesses for both appellant and appellee. Hence the striking of this testimony was not prejudicial to the appellant. Other criticized rulings upon evidence, if erroneous, would not warrant a reversal.

VII. The jury returned a verdict for $8,000 on count 1, $1,200 on count 2, and $10 on count 3. The trial court conditioned the overruling of appellant's motion for new trial upon the filing of a remittitur of all the judgment in excess of $5,510. Appellee filed the remittitur. Appellant states this probably reduced the recovery on count 1 to $4,500 and on count 2 to $1,000. She contends these amounts are excessive. Generally speaking, the measure of recovery by the estate of a decedent for damages for his wrongful death is the present worth or value of the estate which decedent would reasonably be expected to have saved or accumulated if he had lived out the natural term of his life.

In Hively v. Webster County, 117 Iowa 672, 91 N. W. 1041, one of the cases cited by appellant, in which a judgment for the death of a four-year-old boy was reduced to $3,000, the court used an interest rate of six per cent in its computations. The earnings of the decedents in the cases cited in that decision appear to have been only fractions of those of today in comparable occupations. One of said cases is Rose v. Des Moines Valley Ry. Co., 39 Iowa 246, 255. The decedent in that case was twenty-four years old. His net income was $263.11 per year. A judgment for damages for his death was reduced to $5,000. In discussing the producing power of money, the court said:

"No one would think of loaning money in Iowa, at less than ten per centum per annum, for it readily brings that rate of interest by the year, and is lawful."

In 1934 we limited to $4,500 the recovery by the estate of an eight-year-old boy for his death. Allen v. Des Moines Ry. Co., 218 Iowa 286, 253 N. W. 143. In 1938 and 1939 the same figure was fixed for damage to the estate of a ten-year-old girl from her death. Lenth v. Schug, 226 Iowa 1, 281 N. W. 510, 287 N. W. 596. Since the times of these decisions the level of personal earnings has continued to rise, while interest rates have diminished.

In Stein v. Sharpe, 229 Iowa 812, 818, 295 N. W. 155, we pointed out that, as a result of the decrease in the earning power of money, a $7,000 verdict for wrongful death could not be compared with one of some years prior thereto when the current interest rate was higher.

We hold the allowance of $4,500 to the estate of Barbara Jean Bauman on account of the wrongful death of said six-year-old child, and the allowance of $1,000 for expenses for doctors' bills, etc., and for loss of her services during minority were not excessive.—Affirmed.

All JUSTICES concur.