No. 44,706

STATE OF KANSAS, *Appellee*, v. GEORGE T. FINLEY, *Appellant*.

(433 P. 2d 414)

Opinion

on rehearing filed November 13, 1967.

*Charles F. Forsyth*, of Erie, argued the cause, and *Clark M. Fleming*, also of Erie, was with him on the brief for the appellant.

*Jon K. Sargent*, Assistant Attorney General, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which George T. Finley (defendant-appellant) was convicted of neglecting and refusing to return his operator's license and vehicle registration to the Motor Vehicle Department as required by K. S. A. 8-760. He was sentenced by the trial court under the provisions of K. S. A. 8-761, and appeal has been duly perfected from the judgment and sentence.

The questions presented are whether on the facts in this case the appellant is subject to criminal prosecution, and, if so, whether the Motor Vehicle Safety Responsibility Act is constitutional as applied to the appellant.

The appeal was first heard on the 3rd day of March, 1967, and on April 8, 1967, the court's opinion affirming the judgment of the lower court was filed. ( *State v. Finley*, 198 Kan. 585, 426 P. 2d 251.)

In due time the appellant filed a motion for rehearing which was granted by this court on the 1st day of May, 1967, and set for re-argument at the October, 1967, session.

Upon further consideration of the facts, the majority of the members of the court are convinced that the former decision is incorrect, and the decision entered on the 8th day of April, 1967, should be and is hereby withdrawn, vacated and set aside.

Reference is made to the original opinion of the court for the facts, which have been stipulated and agreed upon by the parties, and for the contentions of the parties and the statutory sections under consideration. The former decision by a divided court fully developed the points, which were also considered in a dissenting opinion.

The appellant in his motion for rehearing charges that upon the crucial point in this case the court was misinformed by the appellee when it stated the additional $25 fee specified in K. S. A. 8-760a, as considered by the Motor Vehicle Department, was an administrative fee.

The appellant calls our attention to the actual record of the Motor Vehicle Department in this case, a copy of which is attached to the motion for rehearing. The security information sheet of the Motor Vehicle Department which was before the trial court (not printed in the original record for the Supreme Court on appeal because, according to the appellant, of cost involved, and he thought there was no quarrel about the matter) discloses in a bold stamp under "Reinstatement Fee" the words "25.00 Penalty Fee."

Counsel for the appellee concede the security information sheet attached to the appellant's motion for rehearing is a true copy of the document in question, but contend it has nothing to do with the construction of the statute, and this court is inclined to agree.

The substance of the appellant's argument is that the $25 additional fee provided in 8-760a, *supra*, is a penalty within the contemplation of the language in 8-761, *supra*.

Generally, a criminal statute which forbids or requires the doing

of an act in terms so vague and indefinite that men of common intelligence must guess at its meaning and differ as to its application lacks the first essential of due process of law. (*State v. Davidson,* 152 Kan. 460, 105 P. 2d 876; and *State v. Hill,* 189 Kan. 403, 369 P. 2d 365, 91 A. L. R. 2d 750.)

A rule of strict construction is to be applied to criminal statutes, and courts should not extend them to embrace acts or conduct not clearly included within the prohibitions of the statute. (*State v. Waite,* 156 Kan. 143, 131 P. 2d 708.) Stated in another way, the general rule is that criminal statutes are to be strictly construed as against the state and in favor of the accused, and courts are not at liberty to extend by intendment the provisions of statutes creating and defining crimes. (*State v. Bowser,* 158 Kan. 12, 145 P. 2d 135; *State ex rel., v. American Savings Stamp Co.,* 194 Kan. 297, 398 P. 2d 1011; *State v. Jensen,* 197 Kan. 427, 417 P. 2d 273; and see generally, 5 Hatcher's Kansas Digest, Statutes, §95, p. 166.) The same rule is applied by the United States Supreme Court. (*F.C.C. v. American Broadcasting Co.,* 347 U. S. 284, 98 L. Ed. 699, 74 S. Ct. 593 [1954]; and *United States v. Halseth,* 342 U. S. 277, 96 L. Ed. 308, 72 S. Ct. 275 [1952].)

It was said in *United States v. Williams,* 341 U. S. 70, 95 L. Ed. 758, 71 S. Ct. 581 (1951), that "Criminal statutes should be given the meaning their language most obviously invites. Their scope should not be extended to conduct not clearly within their terms." (p. 82.)

The foregoing rule has been further refined in *State v. Hill,* supra, to embrace the situation presently confronting the court. It was there held that exceptions in a criminal statute are to be construed liberally in favor of a person charged with a violation of the statute.

Turning now to the specific sections of the Motor Vehicle Safety Responsibility Act in question for a detailed analysis, the following may be noted.

K. S. A. 8-760 requires a person whose license or registration has been suspended as provided in the act to *"immediately"* return his license and registration to the Department. If he *"shall fail to return* to the department the license or registration as provided herein, the department shall forthwith direct any peace officer to secure possession thereof and to return the same to the department." (Emphasis added.)

It must be noted this section of the act is concerned only with the return of the driver's license and registration to the Department.

It specifically provides what shall be done upon *a failure* to return the license to the Department. Furthermore, nowhere in this section of the act is the *failure* to return said to be unlawful.

Under the foregoing rules of construction, the appellant is entitled to have 8-760a, *supra,* construed, by virtue of its specific provisions, as *a part of the Motor Vehicle Safety Responsibility Act,* even though it was enacted after the Motor Vehicle Safety Responsibility Act first became law.

Under 8-760a, *supra,* a person subject to the act *"who shall fail, neglect, or refuse to surrender* his operator's or chauffeur's license or the registration and license plates of any or all vehicles owned by him *within the time prescribed by section 8-760* . . . shall not have his operator's or chauffeur's license returned or reinstated or a new operator's or chauffeur's license issued to him until he has paid to the motor vehicle department *an additional fee of twenty-five dollars ($25)."* (Emphasis added.)

It is important to note this section of the act first speaks of one who *neglects or refuses to surrender his license;* and for one who fails, neglects or refuses to surrender his license an additional fee of $25 is imposed before he can regain a driver's license. In substance, this section penalizes one who fails, neglects or refuses to surrender his operator's license, etc., within the time prescribed by 8-760, *supra.* It appears to be a self-contained section designed to penalize the transgressor.

K. S. A. 8-761 makes any person who violates any provision of the Motor Vehicle Safety Responsibility Act *"for which no penalty is otherwise provided,"* (Emphasis added) guilty of a misdemeanor. It is readily apparent the provisions of 8-761, *supra,* do not specifically denounce those acts which are made punishable by its terms. The application of penal sanctions to those who fail to comply with provisions of the Motor Vehicle Safety Responsibility Act at best is vague. Nowhere in 8-761, *supra,* is there any language which requires the violation of the Motor Vehicle Safety Responsibility Act to be a *willful* violation as a prerequisite to invoking penal sanctions. (See, *United States v. Williams,* supra, at p. 82 of the official report.)

An example of a penalty section in a Motor Vehicle Safety Responsibility Act which is clear as applied to facts here confronting the court is Wisconsin Statutes Annotated, Volume 14, §85.09 (32), which may be found quoted in the original opinion for the court at pages 596 and 597.

If the refusal of a person to return his operator's license, vehicle registration and license plates is unlawful and a willful violation of the act subjecting him to criminal punishment, it would be necessary to incorporate the *refusal* denounced in 8-760a, *supra,* into 8-760, *supra,* and to add the word "willfully" in 8-761, *supra.* This cannot be done under the foregoing rules of construction. If these missing links were not supplied by construction and the act is literally applied, without giving the appellant a favorable construction as to the exception in 8-761, *supra,* a person subject to the act who lost his license and failed to immediately return it to the Department upon suspension would be guilty of a misdemeanor. This cannot be the law.

In the instant case the charge reads that the appellant did "unlawfully, willfully, fail, neglect and refuse to return and surrender to the Motor Vehicle Department of the State of Kansas, his operator's license and all his motor vehicle registration receipts and tags *as required by K. S. A. 8-760,* when his said license and registrations had been suspended by the Motor Vehicle Department of Kansas, pursuant to K. S. A. 8-727." (Emphasis added.)

The appellant is entitled to have the exception in 8-761, *supra,* liberally construed in his favor, and when this is done it must be said 8-760a, *supra,* provides a penalty by imposing an additional fee of $25. This precludes application of the penal sanctions in 8-761, *supra,* to the appellant.

The term "penalty" has been variously defined by the courts of last resort in this country. It would be presumptuous of a court, under the confronting facts and foregoing rules of construction here applicable, to select a definition to the appellant's disadvantage as the intendment of the legislature. The dictionaries ascribe five different meanings to the term "penalty," thus adding vagueness and ambiguity to 8-761, *supra.*

The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. (*State v. Foster,* 106 Kan. 852, 189 Pac. 953.) A statute subject to strict construction should not be read to add that which is not readily found within it, or to read out what as a matter of ordinary English language is in it. (*State v. Terry,* 141 Kan. 922, 925, 44 P. 2d 258.) The object of the rule is to establish a rule of certainty to which the individual may safely conform without fear of the statute being misinterpreted by a court or prosecutor. If a court goes beyond the fair meaning of

the language used in a statute and attempts to enlarge by implication or intention, it has abandoned certainty; and courts are not at liberty to extend by intendment statutes creating and defining crimes. (*State v. Bowser,* supra; and *State, ex rel., v. American Savings Stamp Co.,* supra, at p. 300.)

In its plain ordinary sense "penalty" means to be put to a disadvantage, loss or hardship due to some action, such as a transgression or error. In this sense the $25 additional fee imposed under 8-760a, *supra,* is a penalty fee.

For the reasons heretofore assigned the provisions of K. S. A. 8-760a of the Motor Vehicle Safety Responsibility Act imposing an additional fee of $25 upon the operator of a motor vehicle whose license has been suspended, and who fails to immediately return his license and registration to the Department as required by 8-760, *supra,* for the return, reinstatement or issuance of a new license, is construed and held to be a "penalty" as that term is used in K. S. A. 8-761.

It follows the appellant is not subject to prosecution for a misdemeanor as provided in K. S. A. 8-761, and his conviction must be set aside.

The judgment of the lower court is reversed with directions to set aside and vacate appellant's conviction.

PRICE, C. J., FATZER and O'CONNOR, JJ., dissent.